Earnest Ray LEWIS, Petitioner,

v.

Ray H. PAGE, Warden, et al., Respondents.

No. A–14625.

Court of Criminal Appeals of Oklahoma.

Nov. 13, 1968.

Earnest Ray Lewis, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

PER CURIAM:

This is an original proceeding in which Earnest Ray Lewis has petitioned this Court for an appeal out of time of his conviction in the District Court of Osage County, Case No. 4980, sentencing him to five years imprisonment. Petitioner alleges that he was denied his constitutional right to an appeal by the failure of counsel to perfect an appeal for him and by failure of the trial court to furnish Petitioner with a casemade at public expense.

After consideration of Petitioner's application and response by the State this Court on July 29, 1968, ordered the District Court of Osage County, to conduct an evidentiary hearing on the questions raised in this petition. On September 5, 1968, said hearing was conducted before the Honorable Don H. Hampton, District Judge, with Petitioner present and represented by his attorney, Kelly D. Young, and the State represented by W. H. Mattingly, District Attorney. At this hearing Mr. George Briggs testified regarding his representation of Petitioner at his trial and his efforts to represent Petitioner on appeal. Also introduced into evidence were several items of correspondence between Petitioner and Mr. Briggs as well as a transcript of the court clerk's minutes regarding Petitioner's case. At the conclusion of the hearing the Presiding Judge made his findings of fact which are as follows:

"1. That judgment and sentence was imposed on the defendant, Earnest Ray Lewis, on September 26, 1966; that written notice of intention to appeal, and request for casemade, were given by said defendant's attorney on September 28, 1966.

2. That on September 28, 1966, Mr. George Briggs, a competent attorney with extensive criminal experience, was retained by the defendant as his private counsel for the pur-

pose of appealing said case to the Court of Criminal Appeals.

3. That, although the minute of September 26, 1966, shows that a request for casemade at State expense was taken under advisement, it is clearly shown by the testimony of Mr. Briggs that by reason of a reduction in the appeal bond that the request for casemade at State expense was not pursued and, in fact, the defendant agreed to obtain the casemade.

4. That repeated efforts after September 28, 1966, were made by Mr. Briggs requesting that either the defendant, or his father send sums of money sufficient to obtain the casemade and that the defendant, consistently, promised that said sums would be furnished; the evidentiary hearing further, fully, shows that the defendant is an intelligent person capable of understanding, and that he was fully advised of his rights and obligations [as shown by Mr. Briggs' testimony in the transcript].

5. That the evidentiary hearing further showed the defendant at no time was diligent in perfecting his appeal, or assisting in obtaining a casemade; that the defendant, after hiring his own private counsel to perfect the appeal, and being fully advised, did not assume the responsibility for perfecting said appeal or obtaining the casemade; that the sole reason that this appeal was not perfected and filed was the fault of the defendant in his failure to exercise his rights within the statutory requirements, as required by law."

In Leigh v. Johnson, Okl.Cr., 440 P.2d 375, this Court held in its syllabus as follows:

"Defendant must act with reasonable diligence in ordering preparation of casemade by court reporter, or he may de-

feat his own appeal because of laches on his part.

An indigent defendant can waive his right to casemade and appeal at State expense either by his own election of choice, or by his subsequent actions which show him not to be indigent, the same as he can waive any other statutory or constitutional right, so long as such is knowingly and intelligently done.

Defendant in criminal case may waive any right, not inalienable, given him by statute or constitution which can be relinquished without affecting rights of others and without detriment to community at large; and such waiver may be made either by express agreement or by conduct, or by failure to insist upon right in seasonable time."

This Court is only authorized to grant an appeal after the original time in which to perfect an appeal has expired where the defendant has been denied some constitutional right regarding his appeal. 22 O.S.Supp. 1968, § 1073. The proof must be clear and convincing that there has been the denial of constitutional rights before the relief can be granted. Butler v. Page, Okl.Cr., 421 P.2d 276. In the instant case, based upon the findings of the Court conducting the evidentiary hearing, and upon the review of the transcript of that hearing, it is apparent that Petitioner was not denied any right regarding his appeal, but rather, after being fully advised, failed to perfect an appeal within the time allowed by statute. The failure upon conviction to take those steps necessary within the time allowed by statute for perfecting an appeal does not constitute a denial of constitutional rights where the defendant understood what was necessary to perfect an appeal and such a defendant is not entitled to an appeal out of time as authorized by 22 O.S.Supp. 1968, § 1073.

For the foregoing reasons the application for an appeal out of time is denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the

Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.