John Calvin BUTLER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17345.

Court of Criminal Appeals of Oklahoma.

Aug. 9, 1972.

**298**

C. B. Graft, Clinton, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

This is an appeal from the judgment of the District Court of Custer County dated February 21, 1972, denying an application for post conviction relief. 22 O.S.1971, § 1087.

The application for post conviction relief attacked the judgment and sentence imposed on April 11, 1942, in the District Court of Custer County, sentencing appellant, John Calvin Butler, to life imprisonment for the crime of murder. As grounds for relief, appellant claimed that his 1942 conviction resulted from a confession obtained without Constitutional warnings and that he had been denied the right to appeal his conviction.

The application for post conviction relief came on for hearing in the District Court on January 11, 1972, with the appellant present and represented by court-appointed counsel, C. B. Graft. The testimony of witnesses and exhibits were received into evidence, with the proceedings transcribed by a court reporter. From the evidence the court found that the appellant was arrested on or about September 23, 1941, and thereupon became a suspect in the murder of Bruce Rainey committed on June 23,

1941. During the course of investigation the appellant made oral statements to police officers and gave a written statement on September 25, 1941, signed by the appellant. These statements implicated the appellant in the Bruce Rainey homicide. After he was charged with murder, appellant entered into a written contract on October 10, 1941, with the law firm of LaRue and Monroe of Clinton, Oklahoma, which agreed on a fee of $600, and the proceeds of the sale of a 1940 Ford car owned by the appellant.

Frederick LaRue continued to represent the appellant throughout the proceedings in the District Court. Since no part of the attorney's fee had been paid, Mr. LaRue so advised the District Judge and on March 17, 1942, the Court directed the payment of $25 to LaRue for his services from the court fund. After the trial on April 6 through 7 of 1942, the District Court on May 4, 1942, ordered the preparation of a casemade or transcript of the trial to be paid from the court fund. The casemade was prepared and delivered to defendant's attorney, Frederick LaRue.

The court at the post conviction hearing found that the defendant and his attorney, Mr. LaRue, reached a supplemental understanding subsequent to his trial that the defendant would raise money to pay the attorney's expenses to prepare an appeal. It was understood that if the defendant did not pay such expenses before the deadline in which to file an appeal, that the attorney would not file the appeal. No money was paid to the attorney by the appellant or his relatives, and as a result, an appeal of the conviction was not filed. No request or application was made to the court to appoint an attorney to represent defendant on appeal.

▮ The court at the post conviction proceedings concluded that the appellant had retained private counsel of his choice to represent him. The court found that the payment of $25 to Mr. LaRue did not constitute the appointment of counsel for an indigent defendant, but was "taken so

that the retained counsel could receive some sort of a fee." The court found that since neither the defendant nor his relatives complied with the subsequent agreement to pay the necessary expense as a condition precedent to the filing of an appeal, it constituted a waiver of the appeal right. Since the appellant did not pay his counsel to perfect the appeal and did not ask the trial court for the appointment of counsel for the purpose of appeal the court found that "the fact that the appeal was never filed must be attributed to the defendant."

Based upon the findings of the District Court at the post conviction proceeding, we concur in the conclusion that the defendant by his own knowing actions prevented the perfection of a timely appeal. Goforth v. State, Okl.Cr., 407 P.2d 1001 (1965). "The failure upon conviction to take those steps necessary within the time allowed by statute for perfecting an appeal does not constitute a denial of constitutional rights where the defendant understood what was necessary to perfect an appeal . . ." Lewis v. Page, Okl.Cr., 447 P.2d 197 (1968), at 198.

 Appellant's second contention concerned the absence of Miranda warnings prior to the obtaining of the statements from the appellant. The court at the post conviction proceedings found from the evidence that the standards of due process at the time were complied with and the question of whether the statements or admissions were deliberately and voluntarily made was a question submitted to the jury by the court's instruction at appellant's trial in 1942. The admonitions required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) prior to the taking of a confession from a suspect are applicable only to those trials commenced after June 13, 1966. See Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L. Ed.2d 882 (1966). The Miranda rule regarding confessions was announced long after appellant's trial, and such rules have not been applied retroactively. See Pierce v. State, Okl.Cr., 492 P.2d 329 (1971).

Finding no errors in the findings or conclusions of the District Court we conclude that the judgment denying post conviction relief should be, and the same is hereby affirmed.

SIMMS, J., concurs.

BUSSEY, P. J., not participating.