**Wayne HICKS, Petitioner,**

v.

**Ray H. PAGE, and the State of Oklahoma, Respondents.**

**No. A–16729.**

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1971.

Wayne Hicks, pro se.

Larry Derryberry, Atty. Gen., for respondents.

BUSSEY, Presiding Judge.

Wayne Hicks, hereinafter referred to as Petitioner, has filed a Writ of Habeas Corpus in this Court seeking to raise the same issues as presented in an application for post conviction relief filed in the District Court of Atoka County. The Honorable Lavern Fishel entered an Order denying application and motion for a post conviction appeal and/or Writ of Habeas Corpus on the 28th day of June, 1971, a copy of which was mailed to this Court.

We have examined the Order of Judge Fishel, and hereby commend him for the diligent manner in which he thoroughly and meticulously answered all of Petitioner's allegations, and adopt his Order.

We deem it unnecessary to recite the Order, but attach hereto a copy of said Order which is incorporated by reference.

The Writ of Habeas Corpus is accordingly denied.

NIX, J., concurs.

BRETT, J., concurs in result.

ORDER DENYING APPLICATION AND MOTION FOR A POST–CONVICTION APPEAL AND/OR WRIT OF HABEAS CORPUS.

On this the 28th day of June, 1971, the Court finds that an Application and Mo-

tion for a Post Conviction Appeal and/or Writ of Habeas Corpus has been submitted to the Court by Petitioner, Wayne Hicks.

The Court further finds that said Petition for an Application and Motion for a Post Conviction Appeal and/or Writ of Habeas Corpus should be and is ordered filed in Case No. 3089, State of Oklahoma vs. Wayne Hicks.

The Court further finds that Petitioner complains as follows:

### PROPOSITION NO. 1

Wherefore Petitioner must challenge The Honorable District Court, Decision, due to the duress tactics used to preswade Petitioner, to inter a Guilty Plea. Our Form of Justice is Based upon Truth-Equally. This was not practised in the case at Bar as that your Petitioner, was led to belive by threats by the police authorities that if you do not inter a plea of Guilty, we will file the After-Former Conviction Law against you, The Honorable Judge Presiding, will understand just what kind of effect this might have on a Ex-Felon, and since your Petitioner, was an is a very poor person, and the true cost of obtaining, private counsel to aid in his defence, was beyond all reason for your Petitioner, to concieve, or hope.

### PROPOSITION NO. 2

Petitioner must raise another question or point since the Court of Atöka County State of Oklahoma, allowed Petitioner to enter a plea of Guilty, to the charge of Forgery, to which a Court must furnish expert examination or hand writing experts to examine the writing of Dockaments or papers used by the Prosecution as evidence, this was not done, the true evidence used or furnished by the prosecution in order to sustain a conviction in case at bar. will not hold up in a true court of law.

### PROPOSITION NO. 3

Petitioner must further complain, since the evidence presented by the prosecution, will not sustain the conviction of forgery, and the charge of obtaining money by false pretense, was a direct result or incorporation of the two (2) charges, and since the forgery sentence was and is, defective, now both charges are defective. Petitioner, now moves the Honorable Court of Atoka County, State of Oklahoma, to rule these sentences null and void and stand for not.

■ The Court finds as to Proposition No. 1 that the Defendant appeared in Open Court on January 10, 1969 with his counsel of record, Mr. Bill Moore, waived the reading of the Information, waived additional time within which to enter a plea, and advised the Court he was fully aware of his constitutional rights and wanted to enter a plea, and that no evidence, or the hint of any evidence with regard to threats or duress used by the police authorities was presented to the Court at the time the defendant appeared and entered a plea.

■ The Court further finds as to Proposition No. 2 that it was not necessary for the State of Oklahoma to furnish "expert examination or hand-writing experts to examine the writing of documents or papers used by the prosecution as evidence" since the defendant entered a plea of guilty and no evidence was submitted at the time of receiving the plea, or was necessary.

The Court further finds as to Proposition No. 3, that Cause No. 3090, State of Oklahoma vs. Wayne Hicks, same being the charge of Obtaining Money by False Pretense, was dismissed January 10, 1969, upon recommendation of the District Attorney, after the defendant had entered a plea of guilty in Cause No. 3089, and that the charge of Obtaining Money by False Pretense was not a direct result of or incorporation of the two charges and that the forgery sentence is not defective as alleged by the Petitioner.

Accordingly, the Court finds that if no facts are pleaded to justify relief, the Court is justified in summarily denying the same without Hearing. (Butler v. Page, 421 P.2d 276).

Application for motion for a post conviction appeal and/or writ of habeas corpus, and for hearing, is denied.

It is the further order of the Court that the Clerk of the Court forward a copy of this Order to the Petitioner herein, The Honorable Ray H. Page, Warden, Oklahoma State Penitentiary, McAlester, Oklahoma, The Honorable Jack McGahey, District Attorney, and The Honorable Hez Bussey, Judge, Court of Criminal Appeals, Room #233, State Capitol Building, Oklahoma City, Oklahoma 73105.

Dated this 28th day of June, 1971, in Atoka, Atoka County, State of Oklahoma.

/s/ Lavern Fishel
LAVERN FISHEL
DISTRICT JUDGE