**Ex parte NORRIS.**
No. A–12070.

Criminal Court of Appeals of Oklahoma.
March 16, 1954.

Sam Y. Colby, Madill, for petitioner.

O. C. Barnes, County Atty., Don Welch, Jr., Madill, for respondent.

JONES, Judge.

This is an original action filed on behalf of James Arthur Norris, a 14 year old Negro boy, in which the petition alleges that he is unlawfully restrained of his liberty in the county jail of Marshall County. The petition attacks the regularity of proceedings had before the County Court of Marshall County wherein the petitioner was allegedly adjudged to be a delinquent child and an order was entered committing him to the State Training School for Negro Boys at Boley, Oklahoma. After a response was filed to the petition, a hearing was held before the Criminal Court of Appeals, at which hearing the following facts were developed:

On February 13, 1954, the said James A. Norris was charged by a criminal complaint filed in the County Court of Marshall County, sitting as an examining magistrate, with the crime of assault with a dangerous weapon, it being alleged that the said Norris shot and wounded one Joe Hubert with a shotgun; that later, the said Norris appeared for arraignment before the said county court sitting as an examining magistrate, and in the presence of his grandfather, with whom he lived, waived a preliminary examination and was ordered held to answer said charge in the District Court of Marshall County and his bond was fixed at $1,000. In his appearance before the committing magistrate, no question was raised concerning the age of the accused for the reason that he had the size and appearance of an adult person. Later, after an information had been filed in the District Court of Marshall County, counsel for the accused filed a motion in that court to have the case remanded to the county court for the reason that the accused was only 14 years of age and that a hearing should be held in the county court sitting as a juvenile court to determine whether the accused should be proceeded against, as provided in the laws pertaining to juvenile delinquents, or should be prosecuted the same as an adult for the alleged commission of a felony. At a hearing on said motion, the district court sustained the motion and remanded said case to the juvenile court for further proceedings under the juvenile act. Title 10 O.S.1951 §§ 101 to 114.

Thereafter, the county attorney of Marshall County filed a petition in the juvenile court alleging the commission of a crime by the juvenile in substantially the same language as contained in the preliminary complaint filed against him, and in said petition the county attorney prayed the court to set said cause for hearing and to further find that the said James Arthur Norris committed said criminal offense and knew the wrongfulness of his act and that he should be prosecuted in the manner provided by law governing the procedure against those who commit felonies. Thereafter, the said James Arthur Norris appeared in person before the juvenile court and with his grandparents, who were the persons having the custody of said juvenile and with whom he lived, and also appearing by his counsel. Said counsel for

the petitioner at that time sought the same as did the county attorney for an order from the juvenile court directing the prosecution in the district court to continue against the accused, but instead of acceding to the request of the county attorney and counsel for the juvenile, the county court, sitting as a juvenile court, entered its order adjudging said minor to be a delinquent child and further finding that since the age of three years he had been under a bad environment in the custody of his grandparents and had been encouraged and enticed in the commission of crime by them, and that his general welfare would best be served by committing him to the State Training School for Negro Boys at Boley.

Counsel for the accused attacked the jurisdiction of the juvenile court on two grounds. First, the petition was insufficient to vest jurisdiction. Second, no summons was ever served upon the persons having the custody of said child, as required by law.

The first ground of attack on the petition is based on the prayer of the petition, in which the county attorney did not pray that the juvenile be adjudged a delinquent child, but rather he prayed the court to direct that said juvenile be prosecuted as an adult for the commission of a felony. We do not think the prayer of the petition controls the court in his disposition of the case. The facts alleged in the petition, if true, showed the accused was a juvenile delinquent. Title 10 O.S.1951 § 101.

By statute it is provided that where a petition is filed, a summons shall be issued requiring the person having custody or control of the child to appear with the child in a place and time stated in said summons, which time shall not be less than 24 hours after service, etc. Title 10 O.S.1951 § 106.

It has been held that the jurisdiction of a juvenile delinquent is acquired by the juvenile court by the filing of a petition and that the service of summons and notice, as provided by the statute, may be waived. Ex parte Lewis, 85 Okl.Cr. 322, 188 P.2d 367. In this case the juvenile appeared before the court with the persons who had his care and custody, and he also appeared with his counsel, who is the same counsel who appeared in this court on behalf of said juvenile delinquent. The service of summons was waived and the hearing proceeded by agreement of all parties present. We think this constituted a valid waiver of the issuance of a summons and notice, and that the court had jurisdiction to proceed to hear the facts concerning the alleged delinquent child.

Both the county attorney and counsel for the accused were of the opinion that the case of Wilson v. State, 65 Okl.Cr. 10, 82 P.2d 308, was the law governing the procedure pertaining to juvenile delinquents, but said case and others to the same import were specifically overruled in the case of Ex parte Lewis, supra, 85 Okl.Cr. 322, 188 P.2d 367, 373. Prior to the opinion in Ex parte Lewis, supra, much confusion and uncertainty existed in the law pertaining to juveniles. In said Ex parte Lewis opinion, the members of this court individually and collectively gave detailed treatment to all of the many sections of the law pertaining to juvenile delinquents in an attempt to clarify and harmonize the various sections, and it is suggested that the county courts of the state and those interested in the procedure to be followed in cases where juveniles are allegedly involved in the commission of a crime, carefully read and follow said opinion. In the instant case, the county judge demonstrated that he was thoroughly familiar with the opinion in Ex parte Lewis and he followed the procedure therein outlined, and his action is hereby approved.

At the time of the hearing before this court, counsel for the accused stated that he would like for the case to be sent back to the juvenile court so that he could demand a jury trial. In Ex parte Lewis, supra, this court held:

"In the trial before the juvenile court on the allegations in the petition to have a child adjudged delinquent, such child shall have the right to demand a trial by jury which shall be granted, unless waived, or, the judge of his own motion may call a

jury in the trial of such cases; Title 10 O.S. [1951] § 102. Unless demand is made therefor, the same is waived."

The record discloses that counsel made no demand for a jury trial at the time of the hearing before the county court. It appears that the county court had jurisdiction of the person, jurisdiction of the subject matter, and jurisdiction to render the particular judgment which was rendered, and that the petition for habeas corpus should be denied. It is so ordered.

POWELL, P. J., and BRETT, J., concur.