George **ALFORD** et al., Petitioner,

v.

Honorable Glenn Dale **CARTER**, Associate District Judge, Pottawatomie County, Oklahoma, Respondent.

No. A–17522.

Court of Criminal Appeals of Oklahoma.

Dec. 13, 1972.

Irvin Owen, Shawnee, for petitioners.

Larry Derryberry, Atty. Gen., Charles R. Lane, Asst. Dist. Atty., Pottawatomie County, for respondent.

## OPINION AND ORDER DENYING MANDAMUS

BLISS, Judge.

This is an original proceeding seeking a writ of mandamus by way of relief from an order denying a jury trial and a further dispositional hearing in a juvenile matter. The petition was filed in the Supreme Court of Oklahoma on June 9, 1972, and on the same day was transferred to the Court of Criminal Appeals for disposition by order of the Supreme Court. Pursuant to an order of this Court said cause came on for hearing and arguments coupled with authority before Referee C. Michael Zacharias on October 30, 1972. Petitioner, though not present, was represented by his attorney, Irvin Owen; and the Respondent was represented by Assistant Pottawatomie County District Attorney Charles R. Lane.

The record reflects David was born January 14, 1957, and he first came to the attention of the authorities in Pottawatomie County, Case No. JFJ–69–57, with the filing of a petition on the 30th day of June, 1969. David and his parents were thereafter represented by retained counsel and the record reflects that the proceedings initiated were culminated on August 11, when at a hearing where the juvenile was present in person together with his parents and their attorney conditions of informal probation were put into effect. Eighteen months later, on February 2, 1971, an amended petition was filed seeking an adjudication of the juvenile as a child in need of supervision by reason of the facts alleged in the first petition, and secondly, an allegation of a public drunkenness offense. The record reflects that the juvenile and his parents were again represented by retained counsel, and it appears from the record that all statutory notice was given and procedures followed. A written formal demand for jury trial was made on behalf of the juvenile by his attorney and filed on February 17, 1971. The record reflects, however, that on the 19th day of March, 1971, with the parties present and represented by counsel, the Respondent entered an order on the day set for hearing which included a statement that the demand for jury trial had been withdrawn.

The parties also stipulated as to the birthdate of David, that he was a juvenile as defined by the laws of the State of Oklahoma at that time, and that on January 31, 1971, at the hour of 2:00 a. m. David was in a drunken condition at a location in Pottawatomie County, and further stipulated to David's involvement in the facts and circumstances which resulted in the filing of the initial petition in June, 1969. The Respondent then made a specific finding and ordered, adjudged, and decreed that David Wesley Alford was, and is, a child in need of supervison, and made David a ward of the court. Pending further dispositional proceedings and on the condition of good behavior, the Respondent left David in the custody of his parents on the further condition that he abide by the regular rules of probation of the court

which were attached to the order and made a part of the record.

The rules include an agreement not to violate any law, to observe a 10:00 p. m. curfew, to attend the church of his choice regularly, to attend school regularly, and not to associate with persons, adult or juvenile, with known criminal or delinquency records or to associate with persons with known bad reputations, not to consume any alcoholic beverages, including beer, not to congregate with any group of persons, adult or juvenile, convening for an unlawful purpose, or to assemble with a group of juveniles who are not under supervision, to appear for a psychiatric evaluation at the regional guidance center in Shawnee, and to report each Friday afternoon to Jerry Bridges at the Bureau of Indian Affairs on a regular weekly basis until otherwise advised.

The records reflect Respondent next entered an order setting dispositional hearing on the 2nd day of April, and scheduled that hearing for the 21st day of April, 1971. On the day set the parties appeared, represented by counsel, David was present with his parents and their attorney, and the State appeared by Assistant District Attorney Stephen Lewis. The court recited the fact that of the earlier order of March 19, stating that he had been found to be a child in need of supervision, that he was a made a ward of the court, and that he was returned to the custody of his parents pending dispositional hearing. The court further stated that after hearing the testimony of witnesses it would be the order of the court that the March 19 order would remain in full force and effect along with the regular rules of probation, and that David was ordered to continue in a therapy program conducted by Mr. Bridges of the Department of Indian Affairs. The parties were also advised at that time of their rights to appeal from the order of the court.

The record reflects that an application for further dispositional hearing was filed on May 16, 1972, alleging that on or about the 6th day of May, 1972, David committed the crime of public drunkenness in Shawnee. Notice of the further dispositional hearing was served upon the parents and the next entry in the record is the Motion to Quash and Vacate Prior Order of Adjudication and an Alternative Request for Jury Trial. Four days later, Mr. Owen, who at that particular point represented David and his parents, made a motion that David be certified as an adult. On May 26, 1972, the motions came on for hearing. Mr. Owen withdrew all but one of the allegations in the Motion to Quash; at that point the court overruled the Motion to Quash and Vacate and the motion for jury trial was denied. On the 31st day of May, 1972, all parties appeared represented by counsel for hearing on the motion for jury trial, and the court entered an order for the following reasons: (1) The juvenile has heretofore been adjudicated a child in need of supervision and that the juvenile was without standing to seek certification as an adult inasmuch as the request must be initiated in a delinquency proceeding; (2) Public drunkenness is not the kind and character of public offense contemplated as the proper basis for certification. The motion was denied. It is from the last two cited orders that Petitioner has appealed and seeks mandamus to compel the granting of a jury trial on the further dispositional hearing for David.

Petitioner's attack on the juvenile proceedings had below is three-prong. Initially, he contends that it was error for the court to refuse a jury trial at the dispositional hearing, and takes the position that the policy established by the Oklahoma Legislature was to grant a jury trial on request in a juvenile proceeding, and cites 10 O.S.1971, § 1110:

"In hearings to determine whether a child is within the purview of this Act, the child informed against, or any person interested in such child, shall have the right to demand a trial by jury, which shall be granted as in other cases, unless waived, or the judge on his own motion

may call a jury to try any such case. Such jury shall consist of six (6) persons. Laws 1968, c. 282, § 110, eff. Jan. 13, 1969."

 We feel constrained to point out at this juncture, in view of petitioner's arguments concerning a lack of due process, that a juvenile is not entitled by the United States Constitution to a trial by jury in the adjudicative phase of a state juvenile court delinquency proceeding, but rather the applicable due process standard in state juvenile proceedings is fundamental fairness. McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971). Oklahoma is one of only ten states which provides, by statute, greater safeguards for the rights of juveniles than are required by the United States Constitution. Further, the record in this case is quite clear that a request for jury trial was made at a time when the petitioner was represented by counsel in the course of proceedings and that later on that same request was withdrawn while Petitioner was still represented by counsel and prior to the court's adjudication that he was a child and needed supervision, and therefore within the purview of the Act. As we read § 1110, *supra,* the jury trial privilege refers to adjudicatory proceedings only, and therefore we find Petitioner's first proposition to be without merit.

██ Secondly, Petitioner asserts that it is error for the court to use a void or voidable adjudicatory hearing at a time when a child above the age of 14 years could only be tried as an adult, and used said void or voidable hearing as an excuse to designate the next hearing as a dispositional hearing, thereby denying the request for a jury. Petitioner cites the case of Freshour v. Turner, Okl.Cr., 496 P.2d 389 (1972) for the proposition that Oklahoma law does not permit juvenile proceedings against a child above the age of 14, and that Petitioner should have been charged as an adult.

In finding this proposition to be without merit, several factors are pertinent. First,

we have carefully examined the entire court record and the transcript of all proceedings had in JFJ–69–57, and we find absolutely no error contained therein. That is to say, there appears to be no error in any of the proceedings, commencing with the filing of the petition in June, 1969 up to and including the order entered by Respondent on the 31st day of May, 1972. The record reflects that all required statutory test steps were taken and that the Petitioner was represented by counsel throughout the proceedings. The adjudicatory hearing that was held appears to be regular in all respects and no appeal was taken therefrom. We note further that the *Freshour* case speaks directly to certification proceedings, and not adjudication. We note further, and finally, that the *Freshour* case was handed down April 14, 1972, after the Petitioner in this case had already been adjudicated a child in need of supervision. As counsel for Petitioner quite correctly notes, the *Freshour* case is applied prospectively only, and not retroactively.

Petitioner's third proposition urges error was committed when the court denied the Petitioner's application to be tried as an adult for the crime of public drunkenness.

 Petitioner cites to this Court no authority which stands for the proposition that a juvenile has a right to be certified as an adult on request. In this connection we observe that a federal judge in Texas, construing the Texas juvenile statutes and relying upon the United States Supreme Court authority, held that a person has no constitutional right to be tried as a juvenile at any certain age. Broadway v. Beto, 338 F.Supp. 827 (N.D.Tex.1971), aff'd 459 F.2d 483 (5th Cir. 1972). The converse would also appear to be true, that is to say that a person has no constitutional right to be tried as an adult at any certain age.

 The record reflects that the Petitioner put on no authority or persuasive evidence in support of his motion requesting certification as an adult, and further, consideration must be given to the statute

under which certification can be had, 10 O.S.1971, § 1112(b):

> "If a child is charged with delinquency as a result of an offense which would be a crime if committed by an adult, the court, after full investigation and a preliminary hearing, may in its discretion continue the juvenile proceeding, or it *may certify* such child capable of knowing right from wrong, and to be held accountable for his acts, for proper criminal proceedings to any other division of the court which would have trial jurisdiction of such offense if committed by an adult." (Emphasis added.)

The statute is clear and unambiguous. It makes the certification an act within the discretion of the trial judge. We have long held in the state of Oklahoma that mandamus will not lie to control the judicial discretion of a judge or a court, and where the act complained of rests in the exercise of this discretion such remedy fails. State of Oklahoma ex rel. Fallis v. Caldwell, Okl.Cr., 498 P.2d 426 (1972).

By reason of the foregoing, the application for the writ of mandamus is denied. Writ denied.

The original case, JFJ–69–57, is hereby remanded to the juvenile court for continuation of proceedings not inconsistent with this opinion; further, our order of October 17, 1972, staying proceedings below, is, and the same is hereby, withdrawn.

BUSSEY, P. J., concurs.

BRETT, J., specially concurs.

BRETT, Judge (specially concurring).

I agree that the writ should not issue in this case. Petitioner was already a ward of the juvenile court, subject to certain conditions of probation. When the conditions of probation were allegedly violated, it was clearly within the juvenile court's discretion to consider the subsequent allegations in order to provide further disposition of the juvenile.

However, I am compelled to state that more than statutory safeguards are provided the juvenile in Oklahoma. Article 2, Section .19, of the Oklahoma Constitution provides, in part:

> "The right of trial by jury shall be and remain inviolate . . . but in the trial of misdemeanors, proceedings for the violation of ordinances or regulations of cities and towns, *juvenile proceedings* . . . juries shall consist of six (6) persons." (Emphasis added.)

Insofar as citizenship is gained by either birth, or naturalization, I believe a juvenile is entitled to the same constitutional protection to which his parents, or any other adult might be entitled, notwithstanding the proceedings are of a special nature.