136 P.3d 1054 (2006)
2006 OK CR 22
D.M.H., Appellant
v.
STATE of Oklahoma, Appellee.
No. J-2005-336.
Court of Criminal Appeals of Oklahoma.
June 7, 2006.

ACCELERATED DOCKET ORDER
¶ 1 Appellant was fifteen years old when he was charged as a juvenile delinquent with Attempted Rape By Instrumentation, Assault, and two counts of Intimidation of a Witness, in the District Court of Nowata County, Case No. JF-2005-5.[1] He was adjudicated delinquent after a non-jury trial held on March 3, 2005 and placed in the custody of his father pending a disposition hearing and placement in a juvenile facility. Following a disposition hearing on March 31, 2005, the juvenile court judge placed Appellant in the custody of the Office of Juvenile Affairs and confined him to the L.E. Rader Juvenile Center. Appellant appeals his adjudication as a juvenile delinquent.
*1055 ¶ 2 Pursuant to Rule 11.2(A)(3), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2005), this appeal was automatically assigned to the Accelerated Docket of this Court. The Court heard oral argument on Appellant's claim of error on June 9, 2005, and advised the parties of its decision to grant relief at the conclusion of that hearing.[2] We REVERSE and REMAND this case to the District Court of Nowata County for a new trial.
¶ 3 This case raises the single question of what is required under Oklahoma law for a juvenile to waive his right to a jury trial in a delinquency proceeding. When his case was called for trial, Appellant neither objected nor requested a trial by jury. Nor did the juvenile court make any kind of record regarding Appellant's waiver of his right to trial by jury. We consider whether a juvenile's failure to demand his right to a jury trial constitutes a valid waiver or whether, as in adult cases, there must be a record made reflecting a knowing and intelligent waiver of the right to trial by jury.
¶ 4 Juveniles historically have not been afforded the same procedural rights as adults, including the right to trial by jury. In re Gault, 387 U.S. 1, 14, 87 S.Ct. 1428, 1436, 18 L.Ed.2d 527 (1967). The denial of many procedural due process rights early on was justified on the theory that the goal in juvenile proceedings is treatment instead of punishment and the State acts as parens patriae. Id. at 15-17, 87 S.Ct. at 1437-38. The Court explained in Gault:
The right of the state, as parens patriae, to deny to the child procedural rights available to his elders was elaborated by the assertion that a child, unlike an adult, has a right `not to liberty but to custody.' He can be made to attorn to his parents, to go to school, etc. If his parents default in effectively performing their custodial functions  that is, if the child is `delinquent'  the state may intervene. In doing so, it does not deprive the child of any rights, because he has none. It merely provides the `custody' to which the child is entitled. On this basis, proceedings involving juveniles were described as `civil' not `criminal' and therefore not subject to the requirements which restrict the state when it seeks to deprive a person of his liberty.
Id. at 17, 87 S.Ct. at 1438 (s omitted).
¶ 5 The Gault Court rejected the view that allowing juveniles basic procedural rights would somehow thwart the goals and effectiveness of the juvenile justice system. Id. at 21-27, 87 S.Ct. at 1440-43. It reasoned "[a] proceeding where the issue is whether the child will be found to be `delinquent' and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution." Id. at 36, 87 S.Ct. at 1448. Given the potential for serious consequences that could affect a juvenile for life,[3] the Court held that a juvenile has the right to notice of the charges against him,[4] to counsel,[5] to remain silent[6] and to confront and cross-examine witnesses.[7]
¶ 6 Four years after Gault, the Supreme Court considered whether jury trials were *1056 constitutionally required in the adjudicative stage of a state juvenile delinquency proceeding. In a plurality opinion, the Court concluded that a jury trial was not constitutionally required under the federal constitution.[8]McKeiver v. Pennsylvania, 403 U.S. 528, 545, 91 S.Ct. 1976, 1986, 29 L.Ed.2d 647 (1971)(plurality). And this Court has not construed the Oklahoma Constitution to establish such a right.[9] Thus Appellant cannot claim that the state denied him his right to substantive due process because there is no constitutional right to a jury trial in an adjudication hearing under the Due Process Clause.
¶ 7 The legislature, however, has given juveniles a statutory right to a jury trial in the adjudicative stage of a juvenile delinquency proceeding. Title 10 O.S.2001, 7303-4.1 provides:
In adjudicatory hearings to determine if a child is delinquent or in need of supervision, any person entitled to service of summons or the state shall have the right to demand a trial by jury, which shall be granted as in other cases, unless waived, or the judge on the judge's own motion may call a jury to try any such case. Such jury shall consist of six persons.
¶ 8 Appellant's claim regarding the denial of his statutory right to a jury trial must focus on whether the state comported with the requirements of procedural due process. This is so because a state law may create a liberty interest that cannot be denied without offending due process principles. See Clemons v. Mississippi, 494 U.S. 738, 746-47, 110 S.Ct. 1441, 1447-48, 108 L.Ed.2d 725 (1990); Ross v. Oklahoma, 487 U.S. 81, 91, 108 S.Ct. 2273, 2279-80, 101 L.Ed.2d 80 (1988); Hicks v. Oklahoma, 447 U.S. 343, 346, 100 S.Ct. 2227, 2229, 65 L.Ed.2d 175 (1980). The due process standard in juvenile proceedings is fundamental fairness. McKeiver, 403 U.S. at 543, 91 S.Ct. at 1985.
¶ 9 Section 7303-4.1 requires the juvenile to demand a jury trial before one will be provided.[10] Before a right may be demanded, however, the person upon whom the right is conferred must know that he has such a right to demand. At oral argument, counsel *1057 for Appellant stated that he could not clearly remember if Appellant was advised of, and affirmatively waived, his right to jury trial during their discussions. Counsel thought he discussed the matter with Appellant on at least one occasion prior to trial, but could not remember when that discussion occurred, or if that discussion took place the day of trial. If such a discussion occurred, it was counsel's opinion that either he misunderstood Appellant's response or that Appellant misunderstood counsel's question when the issue of a jury trial was discussed. Appellant, according to counsel, had no recollection of such a discussion.[11]
¶ 10 Presuming a valid waiver of the right to trial by jury from a naive child's silence strikes us as fundamentally unfair. Had Appellant been charged as an adult, lack of an affirmative waiver of his right to a jury trial would constitute reversible error. See Valega v. City of Oklahoma City, 1988 OK CR 101, ¶ 5, 755 P.2d 118, 119; Bench v. State, 1987 OK CR 191, ¶¶ 6-7, 743 P.2d 140, 142. To require anything less in an adjudication proceeding creates the potential for a juvenile to forfeit his right to a jury trial, when the resulting consequences may be no less severe than for an adult similarly charged. To the extent Ex Parte Norris, 1954 OK CR 34, ¶¶ 9-10, 268 P.2d 302, 304-05 is inconsistent with this decision, it is overruled.
¶ 11 It is incumbent upon the juvenile court judge to make a record of a waiver of a juvenile's right to trial by jury. The juvenile court judge shall not accept a waiver unless the juvenile, after being advised by the court of his right to a trial by jury and consulting with counsel, personally waives his right to trial by jury in open court on the record. For a waiver to be valid, there must be a clear showing that the juvenile waived his right competently, knowingly and intelligently. See Long v. State, 2003 OK CR 14, ¶ 3, 74 P.3d 105, 107; Bench, 1987 OK CR 191, ¶ 6, 743 P.2d at 142; Kerr v. State, 1987 OK CR 136, ¶ 10, 738 P.2d 1370, 1372. The juvenile court judge should inquire of the juvenile to assure herself that the right to a jury trial was expressly and intelligently waived. See Long, 2003 OK CR 14, ¶ 3, 74 P.3d at 107; Kerr, 1987 OK CR 136, ¶ 10, 738 P.2d at 1372. Ideally as part of the record on waiver, the juvenile should execute a written waiver signed by both the juvenile and his or her counsel.
¶ 12 Counsel in this case was confused about whether or not the issue of a jury trial was properly discussed, understood and knowingly waived by his client, a 15 year old juvenile. We refuse to find that Appellant validly waived his right to a jury trial in his adjudication proceeding absent a competent, knowing and intelligent waiver of that right on the record.
¶ 13 IT IS THEREFORE THE ORDER OF THIS COURT, by a vote of three to one that the order of the District Court of Nowata County adjudicating Appellant delinquent in Case No. JF-2005-5 is hereby VACATED. This matter is remanded to the District Court of Nowata County for proceedings consistent with this opinion.
¶ 14 Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2006), the MANDATE is ORDERED issued upon the delivery and filing of this decision.
¶ 15 IT IS SO ORDERED.
¶ 16 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 7th day of June, 2006.
/s/ Charles S. Chapel CHARLES S. CHAPEL, Presiding Judge
/s/ Gary L. Lumpkin DISSENT GARY L. LUMPKIN, Vice Presiding Judge
/s/ Charles A. Johnson CHARLES A. JOHNSON, Judge
/s/ Arlene Johnson ARLENE JOHNSON, Judge.
*1058 LUMPKIN, VPJ: dissents.
¶ 1 I dissent to the Court's opinion, which uses vague substantive due process theories to grant the defendant relief beyond that provided by Oklahoma's Constitution, statutes, and case law. Said relief should be unavailable to the defendant due to the fact that he clearly waived the right to a jury trial.
¶ 2 The role of an appellate court and its judges is to adjudicate the propositions of error presented based on the record developed at the trial court and through the attorneys of record. In this particular case the single proposition of error raised on appeal was "Delinquent, D.M.H., was denied his constitutional and statutory right to a jury trial", nothing more, nothing less. Any appellate authority we exercise is therefore confined to that question or necessarily derived from it. Like cross-examination, the Court's opinion goes beyond the scope of the question raised.
¶ 3 The statute upon which this proposition was predicated is 10 O.S.2001, § 7303-4.1, which reads as follows:
In adjudicatory hearings to determine if a child is delinquent or in need of supervision, any person entitled to service of summons or the state shall have the right to demand a trial by jury, which shall be granted as in other cases, unless waived, or the judge on the judge's own motion may call a jury to try any such case. Such jury shall consist of six persons.
(emphasis added) The language of the statute is clear and plain to anyone, lawyer or layperson, who reads it: one must demand a jury trial in order to receive one. The reason is simple. In McKeiver v. Pennsylvania, 403 U.S. 528, 545, 91 S.Ct. 1976, 1986, 29 L.Ed.2d 647 (1971)(plurality opinion), the U.S. Supreme Court held, "we conclude that trial by jury in the juvenile court's adjudicative stage is not a constitutional requirement".
¶ 4 Likewise, this Court has previously held that the Oklahoma Constitution does not provide a separate constitutional right to a jury trial in these matters; therefore the statute is the sole authority, which by its very language requires a demand be made. See Ex Parte Hollowell, 182 P.2d 771, 84 Okla.Crim. 355, 362 (rejecting a claim that a juvenile's state constitutional rights had been deprived when juvenile received no jury trial and waived that right by failing to demand one). As we have previously stated in unpublished cases, "Under the terms of this statute, a juvenile must first make a demand for a jury trial. As the record in Appellant's matter does not show Appellant ever demanded a trial by jury, it is unnecessary that the record reflect that a jury was waived."
¶ 5 The same is true in this case. In fact, during oral argument Appellant's counsel confessed he had discussed the right to jury trial with his client prior to the commencement of the non-jury trial. So the statutory right to demand that forum was known both to Appellant and counsel. Counsel also admitted he had misunderstood Appellant and thought he said he had already waived his right to jury trial and that was the reason he did not object to the proceedings. So, the truth is there was knowledge of the right, counsel did discuss the issue with his client, but an error of understanding was made and counsel failed to object, request a continuance to further discuss the matter with his client, or demand a jury trial at that time. As to the proposition of error raised, it must be denied due to the fact Appellant was not denied any rights due to him.
¶ 6 Now, if there had been a proposition of error relating to ineffective assistance of counsel for failure to fully consult with his client, the question might be closer. But, the fact remains no demand was made and there was knowledge of the statutory right. It is a rare case indeed when a defendant is granted relief when he completely fails to make a record of any type of objection and his counsel admits he has discussed the right with his client. This is the very reason the statutes relating to juvenile proceedings require that the juvenile and his/her parent or guardian be advised they have a right to the assistance of an attorney. The attorney, as an officer of the court, performs a vital function in these proceedings to ensure juvenile and parents/guardians are fully advised of their rights and the nature of the proceedings. To quote a now famous phrase, the attorney is *1059 not just a "potted palm". Courts must be able to rely on the services provided to clients by attorneys and should not denigrate that role by presuming them not competent.
¶ 7 If the Court had remained with the single issue presented and the confession at oral argument by Appellant's counsel, this case would have had a swift and simple disposition. However, going outside the proposition of error, the Court viewed it necessary to delve into issues not raised on appeal and disregard the rule that this Court is bound by the trial court's findings of fact and reviews only for an abuse of discretion. It is totally outside the scope of the appeal presented to inquire into the nature of the facts of the case, the proper charges to bring, and the appropriateness of the disposition order. I understand there are different views as to the role of a judge. However, if courts are to be respected we must exercise the discipline necessary to restrict ourselves to the issues raised on appeal, adjudicate those issues, and not seek to reach out and touch every issue we would have raised if we had been the appellate lawyer. It appears that is what is being done here and based on this failure I must dissent.[1]
NOTES
[1] Appellant's date of birth is October 17, 1989, making him 14 years old on the dates these offenses were alleged to have been committed; 15 years old at the time the charges were filed. The three charges are related, but did not occur on the same day. The first charge arose out of an incident at the local swimming pool involving the juvenile putting his hands down the front bottom of a classmate's swim suit. The second charge involved this same classmate on the school bus where the juvenile pulled down his pants in front of her and later told another boy to hold her arms while he pulled her shirt down exposing the top of her breasts. The remaining charges involve the juvenile asking two other classmates to beat up the victim because she was accusing him of molesting her.
[2] An interim order was issued on June 9, 2005, vacating the juvenile court's disposition order in Appellant's Case No. JF-2005-5, and ordering his immediate release from the custody of the Office of Juvenile Affairs.
[3] For example, an adjudication as a juvenile delinquent for the offense of Attempted Rape by Instrumentation in Oklahoma results in the delinquent's classification as a juvenile sex offender. See 10 O.S.2002, § 7308-1.2. This classification could result in a juvenile being required to register annually with the Office of Juvenile Affairs (O.J.A.) as a sex offender, and could result in transfer of his name to the adult Sex Offender Registry upon being released from O.J.A. custody or reaching the age of twenty-one. See 10 O.S. 2002, §§ 7308-1.4, 7308-1.7, and 7308-1.9.
[4] Id. at 33-34, 87 S.Ct. at 1446-47.
[5] Id. at 36-37, 87 S.Ct. at 1448.
[6] Id. at 55, 87 S.Ct. at 1458.
[7] Id. at 57, 87 S.Ct. at 1459. Oklahoma's Juvenile Code requires the filing of a petition stating the nature of the proceeding and setting forth the relief requested; entitles the interested parties to have an attorney present; requires service of a summons upon a juvenile who is over the age of twelve; and requires that warrants for the arrest or detention of a child shall comport with all other requirements of issuance of arrest warrants for adult criminal offenders. 10 O.S.2001, § 7303-1.6

Adjudicative hearings are to be conducted according to the rules of evidence; a delinquent may remain silent as a matter of right in a delinquency hearing; decisions determining if a child falls within the purview of the Oklahoma Juvenile Code shall be based on sworn testimony; and the juvenile shall have the opportunity to cross-examine witnesses unless the facts are stipulated. See 10 O.S.2001, § 7303-4.2. If the offenses charged in the delinquency proceeding constitute a felony if committed by an adult, the court is required to conduct a preliminary hearing to determine if there is prosecutive merit to the complaint, and prior to any order of adjudication being entered a juvenile in custody has the same right to be released upon bail as would an adult under the same circumstances. See 10 O.S.2001, 7303-4.3(B) and (C).
[8] The Court noted that the states were free to give juveniles the right to a jury trial. McKeiver, 403 U.S. at 547, 91 S.Ct. at 1987.
[9] This Court has recognized that Oklahoma is one of several states which provides, by statute, greater safeguards for the rights of juveniles, specifically the right to a jury trial, than are required by the United States Constitution. See Alford v. Carter, 1972 OK CR 344, ¶ 8, 504 P.2d 436, 439.
[10] Several surrounding states provide a statutory right to a jury trial in juvenile adjudicatory proceedings. See, Arkansas, A.R. § 9-27-325; Colorado, C.R.S. § 19-2-107; New Mexico, N.M.S.A.1978, § 32A-2-16; and Wyoming, W.S.A. §§ 14-6-223-224. [Kansas allows a jury trial in an adjudication at the court's discretion (see, K.S.A. § 38-1656) and Nebraska does not allow for a jury trial in any adjudicatory proceedings (see, N.R.S. § 43-279).] Each of those states, including Oklahoma, recognizes that a juvenile may waive his or her right to a jury trial. However, the requirement for waiving that right varies from state to state. Arkansas requires that the waiver may be executed only after being advised of the right and consulting with counsel. The waiver must be in writing and signed by the juvenile and his/her attorney. Colorado's statute specifies that if the offense charged against a juvenile constitutes a crime of violence as defined by statute if committed by an adult, the juvenile or the state may demand a jury trial. There is no right to a jury trial when the delinquent act alleged is a misdemeanor, a petty offense, a violation of a municipal or county ordinance or violation of a court order. Unless demanded, the right to trial by jury is deemed waived. New Mexico law provides that a juvenile may demand a jury trial when the offense would be triable by a jury if committed by an adult. The right may be waived, but that waiver must be on the record, and must be knowingly and intelligently waived. Wyoming's statutes provide that a juvenile may demand a right to trial by jury, but failure to make such a demand waives that right.
[11] Title 10 O.S.2001, § 7303-4.1 also provides that any person entitled to service in a delinquency proceeding shall have the right to demand a jury trial. It appears that none of the other parties entitled to service in Appellant's case requested a jury trial on his behalf. Title 10 O.S.2001, § 7303-1.6(B) provides that service is to be made on a juvenile over the age of twelve, the person having actual custody of the child, parents, guardians, custodial parents, or next friend. The summons issued in this case indicated that Appellant's father was served with a copy of the Summons and Notice. Service was attempted on Appellant's mother, but the record indicates that she could not be located.
[1] Incidentally, if we are to suddenly, out of the blue, require a personal waiver of the right to a jury trial, to which I dissent, the parent or guardian should join in with that waiver, lest we create additional appellate tangles to unweave.