2007 OK CIV APP 35

**Neil Wayne THOMAS and Karen Thomas, Plaintiff/Appellees,**

v.

**Morris BARROW, Defendant/Appellant.**

**No. 103,444.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 28, 2007.

---

**2.** Effective July 1, 2006, § 1–210(14)(b) was amended to read: "such individual is customarily engaged in an independently established busi-

ness," thus deleting language referring to a "trade, occupation [or] profession."

Jesse J. Worten, III, John M. Keefer, Brewer, Worten, Robinett, Bartlesville, OK, for Plaintiffs/Appellees.

Marty F. Meason, Bartlesville, OK, for Defendant/Appellant.

CAROL M. HANSEN, Presiding Judge.

¶ 1 Defendant/Appellant, Morris Barrow, seeks review of the trial court's order finding him guilty of indirect contempt and sentencing him to thirty days in jail. Barrow contends the trial court erred in denying him a jury trial, finding he had waived the right to jury trial by failing to pay the jury fee imposed in civil cases. Following *Henry v. Schmidt*, 2004 OK 34, 91 P.3d 651, 655–656, we hold Barrow was entitled to a jury trial, and the record failed to show an intelligent, competent, and knowing waiver of that right. We reverse and remand for jury trial.

¶ 2 Plaintiff/Appellees, Neil Wayne Thomas and Karen Thomas, sued Barrow to abate a nuisance they alleged he caused by operating a welding and steel fabricating business on his property. The parties settled the matter by agreeing Barrow would install a solid wood fence, move certain equipment and operations to a specified portion of his premises, and move certain operations off-site. The court entered a minute order setting forth the terms of settlement. Several months later, the Thomases applied for a citation of contempt against Barrow, alleging he had failed to comply with the minute

order. Barrow demanded a jury trial, and the trail court ordered him to pay a jury fee of $352.00 by April 15, 2006. On May 1, 2006, the trial court entered a minute order stating Barrow had not paid the jury fee as ordered and his request for a jury trial was deemed waived. It set the matter for trial on May 9, 2006.

¶ 3 On May 9, 2006, the trial court called the case and announced, "The matter was originally set for a jury trial. The defendant failed to pay a jury fee within the time allowed, so the court has entered an order that this be a non-jury trial." It asked the parties if they were ready to proceed. Barrow, appearing *pro se*, responded affirmatively without objecting to the matter being tried without a jury. The parties then tried the matter to the court. After the close of evidence, the trial court found "the Plaintiffs have proven by clear and convincing evidence that the Defendant has wilfully and intentionally violated the Order of the Court." It found Barrow guilty of contempt and sentenced him to thirty days in the county jail.

¶ 4 Barrow appeals from that order, contending he had a right to jury trial under the United States and Oklahoma Constitutions and had not waived that right. In response, the Thomases argue Barrow failed to preserve the issue for appeal by failing to object to the trial court's ruling the matter would be tried without a jury. They also argue *Barzellone v. Presley*, 2005 OK 86, 126 P.3d 588, upholding the constitutionality of the jury fee, is dispositive of the issue on appeal.

■ ¶ 5 As a general rule, constitutional issues must be raised in the trial court to be reviewable upon appeal; however, lack of due process claims are an exception to that rule. *Ross v. Kelsey Hayes, Inc.*, 1991 OK 83, 825 P.2d 1273, 1276 n. 6. A claim regarding the denial of a statutory right to a jury trial questions whether the state comported with the requirements of procedural due process. *D.M.H. v. State*, 2006 OK CR 22, 136 P.3d 1054, 1056. In addition, the Court in *Henry v. Schmidt*, 2004 OK 34, 91 P.3d 651, 656 n. 36, discussed below, viewed Oklahoma's due process clause as additional support for its holding regarding the right to jury trial in an indirect contempt proceeding.

Therefore, we will consider whether Barrow had a constitutional right to jury trial even though he did not raise the issue before the trial court.

¶ 6 *Henry v. Schmidt*, 2004 OK 34, 91 P.3d 651, involved a custody proceeding in which the mother repeatedly failed to appear in court as ordered and the father moved for indirect contempt. The trial court found the mother guilty of contempt by clear and convincing evidence, and ordered her to pay a fine, serve fifteen days in jail, and reimburse the father's attorney fees. In reversing and remanding, the Oklahoma Supreme Court discussed the contempt statutes at length. It rejected the common law dichotomy equating criminal contempt with direct contempt and civil contempt with indirect contempt as inconsistent with Oklahoma's statutory scheme. *Id.* at 653–654. The Court characterized the nature of contempt under the statutory scheme as neither civil nor criminal, but as *sui generis*. *Id.* at 654.

■ ¶ 7 The *Henry* Court did draw a dichotomy based on the purpose of a contempt sanction:

The punishment for indirect contempt may be remedial to coerce the defendant's behavior, or it may be penal to punish the defendant for disobedient or disorderly behavior. The legislature has provided for a fine and imprisonment as punishment for both direct contempt and indirect contempt. If the imprisonment is for a definite period of time, its purpose is penal and cannot be shortened by compliance or by a promise to comply with a court order.

*Id.* (footnotes omitted). It concluded when penal sanctions are imposed for indirect contempt, federal constitutional protections attached to criminal proceedings apply, including the right to a jury trial and proof of the offense beyond a reasonable doubt. *Id.* at 655. A defendant may waive the constitutional right to a jury trial only upon a record showing an intelligent, competent, and knowing waiver of that right. *Id.*

■ ¶ 8 The trial court in the present case sentenced Barrow to thirty days in jail. This sanction was penal, and Barrow accordingly had the right to jury trial and proof of

the offense beyond a reasonable doubt. The trial court imposed a jury trial fee on Barrow based on 28 O.S.Supp.2006 152.1, which authorizes the court clerk to collect a jury fee in civil matters. Because contempt is *sui generis* rather than civil or criminal, this statute is inapplicable. The record on appeal shows Barrow's failure to pay the jury fee was the sole reason the trial court found he had waived jury trial. The failure to pay the jury fee authorized by § 152.1 cannot serve as waiver of the right to jury trial in indirect contempt proceedings in which penal sanctions are imposed. This record fails to show an intelligent, competent, and knowing waiver of that right.

¶ 9 Accordingly, we REVERSE the trial court's order and REMAND for jury trial.

BUETTNER, J., and BELL, J., concur.