ROWLAND, JUDGE:
¶ 1 Appellant G.W. appeals to this Court from an order entered by the Honorable Stephen R. Pazzo, Associate District Judge, adjudicating him delinquent in Case No. JDL-2017-44 in the District Court of Rogers County.
¶ 2 On May 8, 2017, G.W. was charged by juvenile delinquency petition with one count of Sexual Battery. The crime was alleged to have occurred on or about April 11, 2017, when G.W. was 14 years and 10 months old. On March 9, 2018, a bench trial on the juvenile delinquency petition was held before Judge Pazzo. After considering the evidence and arguments, Judge Pazzo found G.W. had committed the offense of Sexual Battery and adjudicated him delinquent. G.W. appeals this adjudication asserting four propositions of error:
(1) whether the record is insufficient to demonstrate that G.W. knowingly and intelligently waived his right to jury trial;
(2) whether error occurred when no election was made with regard to the specific act relied upon as the basis for the offense charged in the petition and the trial court failed to require the same prior to issuing its ruling, resulting in a general verdict;
(3) whether the evidence presented by the State was insufficient to prove that G.W. intentionally acted in a lewd and lascivious manner; and
(4) whether trial counsel was constitutionally ineffective.
¶ 3 Pursuant to Rule 11.2(A)(3), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2018), this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions were presented to this Court in oral argument on August 16, 2018, pursuant to Rule 11.2(E). After hearing oral argument and considering the briefs and record in this case, this Court found that the order of the District Court adjudicating G.W. delinquent should be REVERSED and REMANDED for further proceedings.[1]
ANALYSIS
¶ 4 In his first proposition G.W. claims that the appeal record is insufficient to demonstrate that he knowingly and intelligently *1285 waived his right to a trial by jury in the juvenile delinquency proceeding. In Oklahoma the right to a jury trial in a juvenile delinquency proceeding is granted by statute. Title 10A O.S.2011, § 2-2-401 provides that:
In adjudicatory hearings to determine if a child is delinquent or in need of supervision, any person entitled to service of summons or the state shall have the right to demand a trial by jury, which shall be granted as in other cases, unless waived ....
To be sure, Section 2-2-401 presents something of a conundrum: a juvenile only has a right to jury trial in a juvenile delinquency proceeding if he demands it, unless he waives it. And to make matters worse, a literal reading of the statute could yield a situation where a defendant fails to demand, and fails to waive, leaving him or her in a sort of legal limbo.
¶ 5 In D.M.H. v. State , 2006 OK CR 22, ¶ 3, 136 P.3d 1054, 1055, this Court considered whether a juvenile's failure to demand a jury trial in a delinquency proceeding constitutes a valid waiver of that right or whether, as in adult cases, the record must reflect a knowing and intelligent waiver of the right to a jury trial. Because the right to a jury trial in a juvenile delinquency proceeding is conferred by statute and not required by either the United States Constitution or by the Oklahoma Constitution, the Court in D.M.H. found that a juvenile has no substantive due process right to a jury trial in this proceeding. D.M.H. , 2006 OK CR 22, ¶ 6, 136 P.3d at 1056 (citing McKeiver v. Pennsylvania, 403 U.S. 528, 545, 91 S.Ct. 1976, 1986, 29 L.Ed.2d 647 (1971) (plurality) (while the states may grant juveniles the right to jury trial, such is not constitutionally required under the federal constitution) ). Rather, the Court held, the focus of a claim regarding the denial of the statutory right to jury trial is on whether the State complied with the requirements of procedural due process. Id . 2006 OK CR 22, ¶ 8, 136 P.3d at 1056 ("a state law may create a liberty interest that cannot be denied without offending due process principles"). Thus, the Court reasoned that although the statute requires the juvenile demand a jury trial before one will be granted, procedural due process requires that "[b]efore a right may be demanded ... the person upon whom the right is conferred must know that he has such a right to demand." Id . 2006 OK CR 22, ¶ 9, 136 P.3d at 1056.
¶ 6 The D.M.H. Court went on, however, to find that a valid waiver of the right to a jury trial in a juvenile delinquency proceeding may not be presumed from the juvenile's silence even after the juvenile has been advised of his or her right to a jury trial. The Court noted that if D.M.H. had been charged as an adult, "the lack of an affirmative waiver of his right to a jury trial would constitute reversible error." Id . 2006 OK CR 22, ¶ 10, 136 P.3d at 1057. The Court held:
It is incumbent upon the juvenile court judge to make a record of a waiver of a juvenile's right to trial by jury. The juvenile court judge shall not accept a waiver unless the juvenile, after being advised by the court of his right to a trial by jury and consulting with counsel, personally waives his right to trial by jury in open court on the record. For a waiver to be valid, there must be a clear showing that the juvenile waived his right competently, knowingly and intelligently.
Id . 2006 OK CR 22, ¶ 11, 136 P.3d at 1057. The problem with this reasoning is that it places the statutory right to demand a jury trial in a juvenile delinquency proceeding on par with an adult's constitutional right to jury trial, requiring the same showing of waiver and thereby elevating the statutory right to a constitutional right. See Id . 2006 OK CR 22, ¶ 10, 136 P.3d at 1057.
¶ 7 We take this opportunity to revisit the minimum requirements for a valid waiver of this statutory right to demand a jury trial. "What suffices for waiver depends on the nature of the right at issue." New York v. Hill , 528 U.S. 110, 114, 120 S.Ct. 659, 664, 145 L.Ed.2d 560 (2000). It is well settled that, "[a] record showing an intelligent, competent and knowing waiver of a fundamental right is mandatory. Anything less is not a waiver." Hinsley v. State , 2012 OK CR 11, ¶ 5, 280 P.3d 354, 355, (quoting Valega v. State , 1988 OK CR 101, ¶ 5, 755 P.2d 118, 119 ). While under the best circumstances, a waiver of a statutory right would also be knowing and voluntary as evinced by the record, such is not required. See *1286 United States v. Gomez, 67 F.3d 1515, 1520 (10th Cir. 1995) ("while the mere failure to timely assert a constitutional right does not constitute a waiver of that right, ... a waiver of a statutory right may be valid even if it is not knowingly made") (internal citations omitted).
¶ 8 The rules of statutory construction are well settled. Statutes are to be construed to determine the intent of the Legislature, "reconciling provisions, rendering them consistent and giving intelligent effect to each." Lozoya v. State, 1996 OK CR 55, ¶ 17, 932 P.2d 22, 28. This Court avoids statutory constructions that render any part of a statute superfluous or useless. Wells v. State , 2016 OK CR 28, ¶ 6, 387 P.3d 966, 968.
¶ 9 The right at stake in this case is a statutory right created by the Legislature to benefit the juvenile. It is clear that the Legislature assumed knowledge of the statutory right by the juvenile; otherwise, it could neither be demanded nor waived. Thus, as in D.M.H ., we interpret the statutory language to require that the juvenile be advised on the record that he or she has a right to demand a jury trial. Any waiver of this right, however, need not be made affirmatively on the record because neither the statute nor constitutional procedural due process principles require it.
¶ 10 Deciding this case based on statutory interpretation is consistent with clear legislative intent, avoids unnecessarily deciding a constitutional issue, and comports with an oft-cited maxim for judicial restraint: "If it is not necessary to decide more, it is necessary not to decide more." United States v. Hebert , 888 F.3d 470, 476 (10th Cir. 2018) (citation omitted). We hold, therefore, that by the language of Section 2-2-401, the juvenile's failure to demand a jury trial after being advised of his or her right to one and his or her acquiescence to a bench trial operates as an adequate and valid waiver of this right. D.M.H. v. State , 2006 OK CR 22, 136 P.3d 1054 is overruled to the extent it is inconsistent with this opinion.
¶ 11 The appeal record contains no evidence that G.W. was advised of his right to a jury trial at the juvenile delinquency proceeding. Absent this showing on the record, we find that relief is required.
DECISION
¶ 12 The order of the District Court of Rogers County adjudicating G.W. delinquent in Case No. JDL-2017-44 should be, and is hereby, REVERSED and REMANDED for further proceedings. Pursuant to Rule 3.15, Rules , supra , the MANDATE is ORDERED issued upon the delivery and filing of this decision.
LUMPKIN, P. J.: Concur
LEWIS, V. P. J.: Concur in Part and Dissent in Part
HUDSON, J.: Concur
KUEHN, J.: Concur in Part and Dissent in Part
LEWIS, VICE PRESIDING JUDGE, CONCURS IN PART AND DISSENTS IN PART:
¶ 1 I agree with the majority that not every waiver of rights granted by statute requires the same formality as a waiver of constitutional rights. Indeed, conduct by a party which is inconsistent with the purpose to exercise a particular right, even a constitutional one, is often sufficient reason to say that the right has been waived. Randolph v. State , 2010 OK CR 2, ¶ 27, 231 P.3d 672, 681 (finding right to confrontation waived by failure to exercise it when opportunity was available).
¶ 2 However, when a statute extends a protection equivalent to a fundamental right protected by the Constitution (such as a right to jury trial, speedy and public trial, privilege against self-incrimination, or assistance of counsel), the better rule is that any purported waiver requires a knowing and intentional, personal relinquishment of the right on the record.
¶ 3 D.M.H. correctly required this level of formality for a purported waiver of jury trial on a charge of juvenile delinquency. Legislation granting legal rights ordinarily protected only by the Constitution represents a profound policy judgment about the accuracy and fundamental fairness of the proceedings or governmental actions with which those rights are concerned. Formalized judicial *1287 procedures that protect such rights from inadvertent waiver or forfeiture by those they are designed to protect are entirely consistent with legislative intent.
¶ 4 The Court today correctly requires that trial courts give explicit advice to juveniles on the record about the right to demand a jury trial on a charge of delinquency; and nothing in the majority opinion prevents those courts, as a matter of practical and wise judicial practice, from adopting the kind of formalized waiver procedures traditionally observed for equivalent constitutional rights.[1]

Because we find that error raised in Proposition 1 warrants relief, no other propositions will be addressed.

The 1910 codification contained the same operative language (emphasis added):
The county courts of the several counties in this State shall have jurisdiction in all cases coming within the terms and provisions of this article. In trials, under this article, the child informed against, or any person interested in such child, shall have the right to demand a trial by jury, which shall be granted as in other cases unless waived ; or the judge of his own motion may call a jury to try any such case.
R.L. 1910, § 4413; Laws 1909, p. 186.