KUEHN, J., CONCURRING IN PART AND DISSENTING IN PART:
¶ 1 I agree that this case must be remanded for further proceedings, but I respectfully disagree with some aspects of the Majority's analysis, and with overruling D.M.H. v. State , 2006 OK CR 22, 136 P.3d 1054.
¶ 2 The Majority believes this Court went too far in D.M.H. by requiring that a juvenile personally waive his right to a jury at an adjudication hearing "in open court on the record." Id. at ¶ 11, 136 P.3d at 1057. The Majority believes that in doing so, this Court erred by "elevating" the juvenile's statutory right to a jury trial to a constitutional right. Majority at 1285-86. I take a different view. I believe D.M.H. accords the appropriate level of inquiry for what is clearly an important right, even if it is "only" statutory in origin. The Majority disregards the Legislature's clear intention to treat the juvenile's right to a jury with utmost respect.
¶ 3 The federal Constitution does not require states to provide juries in juvenile-delinquency proceedings. That question was answered -- although not until the early 1970's -- in McKeiver v. Pennsylvania , 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971). But McKeiver is not particularly relevant here, because for over a century -- since the inception of our own juvenile-court system -- Oklahoma law has protected the right of juveniles to have their adjudication hearings determined by a jury. See Alford v. Carter , 1972 OK CR 344, ¶ 8, 504 P.2d 436, 439 ("Oklahoma is one of only ten states which provides, by statute, greater safeguards for the rights of juveniles than are required by the United States Constitution").
¶ 4 The current version of the applicable statute reads (with emphasis added):
In adjudicatory hearings to determine if a child is delinquent or in need of supervision, any person entitled to service of summons or the state shall have the right to demand a trial by jury, which shall be granted as in other cases, unless waived , or the judge on the judge's own motion may call a jury to try any such case. Such jury shall consist of six persons.
10A O.S.2011, § 2-2-401. The juvenile (and the State, and certain others as well) have (1) the "right to demand" a jury trial, (2) "as in other cases," (3) unless that right is "waived." In my view, the Majority's analysis selectively focuses on only part of this provision.[1]
¶ 5 When interpreting a statute, each part should be given intelligent effect. State ex rel. Pruitt v. Steidley , 2015 OK CR 6, ¶ 12, 349 P.3d 554, 557-58. We should presume each word in a statute was intended for some useful purpose, and we should strive to give effect to each. Ex parte Higgs , 97 Okl.Cr. 338, 341, 263 P.2d 752, 756 (1953). The Majority focuses solely on the juvenile's "right to demand" a jury trial, and ignores the rest of the sentence where that right is mentioned. It was not this Court in D.M.H. which "elevated" the importance of the juvenile's right to a jury trial; rather, it was the Legislature which, over a century ago, guaranteed the right "as in other cases," unless "waived"
*1288 (as in other cases). What "other cases" could the Legislature be talking about? The only possible answer: Those cases where the right to jury trial is constitutionally protected. When it comes to due process -- which is guaranteed to every litigant -- legislatures are certainly authorized to prescribe just what process is due in a particular situation.
¶ 6 The Majority stops short of requiring a record waiver of the juvenile's right, and would accept forfeiture of the right by silence. That conclusion doesn't just overrule D.M.H. ; it is contrary to the plain language of § 2-2-401, which requires that the right be "waived"; forfeiture by silence is not sufficient. The concepts of "waiver" and "forfeiture" are often confused,[2] but they are not the same:
Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right." Johnson v. Zerbst , 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).... Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake.
United States v. Olano , 507 U.S. 725, 733, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993) (emphasis added). See also United States v. Ruiz , 536 U.S. 622, 629, 122 S.Ct. 2450, 2455, 153 L.Ed.2d 586 (2002) ("[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances" (emphasis in original) ); United States v. Carrasco-Salazar , 494 F.3d 1270, 1272 (10th Cir. 2007) ("waiver is accomplished by intent, [but] forfeiture comes about through neglect"(citation omitted) ).
¶ 7 What rights require a knowing waiver, and what rights can be forfeited by mere silence? As always in the law, it depends. Some rights are more important than others. The Majority cites New York v. Hill , 528 U.S. 110, 114, 120 S.Ct. 659, 664, 145 L.Ed.2d 560 (2000) (which, in turn, cited United States v. Olano ) for the principle that the nature of the right at stake determines whether, and to what extent, a litigant must acknowledge his choice regarding that right. This sliding-scale approach is one fashioned, in ad hoc fashion, by courts themselves.[3] The Majority recognizes a distinction between constitutional rights and statutory ones, and that distinction is a legitimate starting point for many purposes. But it does not always end the inquiry. Whether an "on the record" waiver makes sense depends on more than just whether the subject is explicitly contained in constitutional language. It depends, again, on the right at stake. It also depends on relevant legislative direction. Neither the federal nor the Oklahoma constitution includes explicit language on what is necessary to waive a right contained therein; the statute at issue here does. Even if this Court believes such a procedure is somehow burdensome or archaic, the Legislature has the authority to require courts to treat the juvenile's right to a jury trial with the same procedural care and respect as if it were protected by the constitution. And I believe it has done so.
¶ 8 We are dealing here with a special category of litigants -- juveniles. They are treated differently from adults "for their own good," and in keeping with modern society's perceived moral obligations. We give them certain rights in this process. Those who fall under the jurisdiction of the juvenile courts are not allowed to or have limits on their ability to vote, drink, smoke, drive, work, *1289 attend school, stay out past a curfew, contract, own a weapon, sue, leave home, and disobey adults of authority. They are entitled by law to be given shelter, clothing, food and education by adults, because it is presumed they cannot provide those basic needs for themselves. We should remember the immaturity of these litigants when we seek to apply rules of procedural default against them. The Majority does not even construe § 2-2-401 to require that the juvenile have the assistance of counsel when he is advised of the right to trial by jury. Thus, the immature litigant may be found to have forfeited this important right (through silence) without any advice of counsel. I would require, at the very least, that the record show the right to trial by jury was explained at a proceeding where counsel was present to acknowledge that fact.[4]
¶ 9 This Court's duty is to follow and apply the law. Considering the nature of the right at stake, and the special concerns that gave birth to the juvenile justice system in the first place, I would require that before the juvenile's right to a jury trial can be extinguished, the juvenile must, at the very least, be advised of the consequences of not demanding same, with counsel present.

Adhering to formal protections against waiver for the statutory right to jury trial also avoids the necessity of determining whether some of the modern, adult consequences of delinquency adjudications have undermined prior decisions holding that the Constitution does not require jury trials in these ostensibly therapeutic, but increasingly punitive, proceedings.

See e.g. Rule 3.4(F)(1), Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch. 18, App. (2018) (claims advanced for the first time in a reply brief shall be deemed "waived and forfeited for consideration").

"[W]hether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake." Olano , 507 U.S. at 733, 113 S.Ct. at 1777. Olano 's citation to authority for this principle is not a constitutional or statutory provision, or even a prior Supreme Court case, but a treatise on criminal procedure and a law-review article. In Hill , the Court cited instances showing that not even all constitutional rights require the same kind of record to extinguish them. Hill , 528 U.S. at 114-15, 120 S.Ct. at 664.

One might argue that since the juvenile does have a "constitutional" right to counsel, his ability to confer with counsel about the jury-trial option is sufficient to ensure the latter right is protected. In fact, in his dissent to D.M.H. , Judge Lumpkin suggested that the issue of waiver would perhaps be better phrased as a question of counsel's effectiveness. See D.M.H. , 2006 OK CR 22, ¶ 6, 136 P.3d at 1058-59 (Lumpkin, V.P.J., dissenting).