George BUTLER, O.S.P. #67615, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.

No. A-13901.

Court of Criminal Appeals of Oklahoma.

Dec. 7, 1966.

Loren McCurtain, McAlester, for petitioner.

Jerry Welch, County Atty., Antlers, Pushmataha County, for respondent.

BRETT, Judge:

George Butler, O.S.P. #67615, without the aid of counsel, filed his petition for writ of habeas corpus in this Court. In his petition he alleges that he was arrested in Pushmataha County, Oklahoma on October 21, 1962 on a charge of robbery with firearms; and on November 7, 1962 he entered his plea of guilty and was sentenced to serve twenty years in the State Penitentiary.

Petitioner contends that he is an "ignorant Indian with only a 5th grade education", and that he entered his plea of guilty as the result of coercion by the county attorney, who allegedly advised him that he would get a life sentence, or the death penalty, if he resisted the charge; that he was held in jail without being able to see anyone; and that he was told he would receive only five years sentence, if he would plead guilty.

Upon petitioner's allegations this Court directed the District Court of Pushmataha County to conduct an evidentiary hearing into petitioner's claims. A hearing was held by that court on June 15, 1966, and a transcript of the proceedings was filed with this Court. The petitioner was not present at that evidentiary hearing.

On July 25, 1966 petitioner, through his attorney, filed in this Court an instrument shown to be "Application for Order Granting New Trial". In that instrument it was

contended that no hearing had been conducted, as directed by this Court. Such not being the case, and insofar as the petitioner had not been present at the first hearing, on July 29, 1966 this Court directed that a supplementary hearing be had with the petitioner being present, with his attorney, and that he be permitted to examine any and all of the witnesses who made an appearance at such hearing.

The supplementary evidentiary hearing was conducted by the district court on September 7, 1966, such date being approved by this Court. A full transcript of that hearing has been filed with the clerk of this Court, showing that petitioner was present with his counsel; that petitioner testified in his own behalf, and that the Honorable Meredith Hargraves, the former county judge, and Mr. Lawrence Wade, the former county sheriff, testified as to the proceedings when petitioner was arraigned, and when he was sentenced. The Honorable Howard Phillips, district judge, who was serving in that capacity when petitioner entered his plea and received sentence, made his statement at the first hearing.

 The Court has carefully considered the findings of fact, determined by the judge of the district court of Pushmataha County, and the testimony taken at both hearings, in compliance with the orders of this Court.

 There is always a presumption in favor of the regularity of the proceedings of the trial courts in this State. One who challenges such proceedings by petition for writ of habeas corpus has the burden to show there was sufficient irregularity to deprive the court of jurisdiction to render judgment and sentence. See: Gourley v. Raines, Okl.Cr., 371 P.2d 520, and Application of Russell, Okl.Cr., 354 P.2d 485.

In the instant case, we are of the opinion that petitioner has not sustained the burden required to successfully challenge the judgment and sentence rendered against him. Petitioner fails to recognize there were two charges filed against him. One charge was for the crime of robbery with firearms, forcibly taking money from an old man, his wife and son, for which petitioner was sentenced to serve twenty years in the penitentiary; and the other charge was for larceny of a 1955 Oldsmobile, 1962 tag No. LR 2532, for which the petitioner was sentenced to serve five years in the penitentiary. The latter sentence was made to run concurrently with the armed robbery sentence.

The testimony offered at the hearings revealed that petitioner was first arraigned in the county court of Pushmataha County. Former County Judge Meredith Hargraves testified that he explained petitioner's rights to him prior to accepting his plea of guilty, when he was bound over to the district court. The former county sheriff, among other things, testified that he maintained the county jail; that he placed a long-distance telephone call for petitioner to petitioner's wife in Muskogee, Oklahoma; and that petitioner talked to his wife on the telephone. Petitioner contends he was not permitted to talk with anyone outside the jail.

On direct examination, the former sheriff testified, in part:

"A Well, we had them both down there and when I brought them down there I was talking to them and finger printed them. We were fixing to finger print them for the record and so we commenced talking with them about what they had done, just one thing and another about their background and about this case. Of course they plead guilty which we caught them with the car and everything and they wanted to go ahead and trade out.

"Q Now, this was the morning following their arrest, is that right? A Yes, it was the next morning after they were arrested; that's right.

"Q What do you mean, 'trade out'? A What they had done and their having a trial. We were talking to them about the case and they wanted to go ahead and plead guilty and they wanted to know about how much time they would get and I told them I didn't know, but armed

robbery was a pretty serious thing. Of course they wanted to know about what it would be and I told them they wouldn't get under twenty years. I said, 'I know the County Attorney won't go along for less than twenty years', and they said they would be glad to take twenty years and go on, and I said, 'you don't have to take any time, you have a right to stand trial and hire you an attorney and be tried before a jury'. They said no, they didn't want that, they didn't want to be tried."

The sheriff testified further that he was in the court room when the county judge and the district judge both explained defendants' rights to them.

District Judge Howard Phillips, who on November 7, 1962 passed judgment and sentence on petitioner on both charges, entered his statement in the record of the hearing held on June 15, 1966. Judge Phillips recited in part as follows:

"Even though the Court does not remember this particular person or the sentencing of him, it has been my practice during the twenty years in office to advise all persons that indicated that they wish to plead guilty, I have advised that person of his constitutional rights. Even though I don't remember this incident, I am well satisfied that he was told from the bench of his constitutional rights."

We are of the opinion that petitioner was fully aware of the consequences of his plea of guilty on both charges. Petitioner's own record, as well as his admissions at the second hearing, reveal that he has been confined in jail for numerous lesser offenses. His record shows those confinements to have occurred in several different states. For that reason, we must conclude that petitioner was not a complete stranger to court room procedure, notwithstanding his lack of formal education.

It is well settled that an accused may waive his constitutional rights to be represented by counsel, and to trial by jury. Whether or not accused knowingly waived

those rights depends, in each case, upon the particular facts and circumstances. Where a petition in habeas corpus charges deprivation of constitutional rights, the proof to entitle petitioner to relief must be clear and convincing. Petitioner has the burden of sustaining the allegations of his petition, and in this case petitioner has failed to do so.

The record before the Court is sufficient to show that petitioner was aware of the consequences of his plea; that he was advised of his right to legal counsel and to trial by jury. The fact that petitioner received only a fifth grade formal education alone is not sufficient to overcome the regularity of the proceedings had in the district court when judgment and sentence was passed.

For the reasons stated herein, the writ is denied.

BUSSEY, P. J., and NIX, J., concur.