Jerry Don SHELTON, Petitioner,

v.

Ray H. PAGE, Warden, District Court of Pontotoc County, and the State of Oklahoma, Respondents.

No. A–14254.

Court of Criminal Appeals of Oklahoma.

June 21, 1967.

Jerry Don Shelton, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge:

Jerry Don Shelton has filed in this Court his petition for post conviction appeal, and attaches thereto a petition for writ of habeas corpus, both of which are duly verified. Petitioner also attaches copy of the information filed against him in the district court of Pontotoc County, copy of the minutes of the court on proceedings held June 30, 1966, and copy of the judgment and sentence.

Petitioner alleges that he has been denied due process of law in that he was not represented by counsel at the time he entered a plea of guilty in the trial court; that he was not informed of his right to an appeal; and that he was given a half-pint of whiskey by an officer the day before he entered his plea of guilty to the charge of second degree burglary. ·

The Attorney General has filed a response to the petitions, in which he admits that petitioner was not represented by counsel, but states that petitioner effectively waived his right to counsel, and knowingly and voluntarily entered his plea of guilty to the crime with which he was charged.

The Attorney General attaches to his response photostatic copies of (1) the transcript of the docket of the committing magistrate showing that defendant appeared in person, that the complaint was read to him, and his rights explained, and bond was set; (2) the complaint before the justice of the peace; (3) the information showing that defendant was properly charged with second degree burglary; (4) certified copy of the court minutes of June 30, 1966, reciting that defendant was fully advised of his rights and entered a plea of guilty; and (5) transcript of the testimony of the defendant taken at the time defendant entered his plea of guilty, and filed in the district court of Pontotoc County on July 1, 1966. This testimony shows that the court thoroughly questioned the defendant, and that defendant was fully advised of his rights, including the right to a lawyer, to trial by jury; advised of the seriousness of the crime, and the maximum penalty that might be assessed; and that defendant stated that he understood that he had these rights, and did not want a lawyer, and did not want a trial by jury. He told the court that he was 22 years of age, and had been sent to the penitentiary on two previous occasions, and that he had been out of the penitentiary since February 18, 1966. Also attached (6) the short-hand notes of the court reporter on such proceeding, and (7) judgment and sentence.

From a careful study of the proceedings before us, we are of the opinion that this petitioner, who was not a stranger to court procedure, according to his admission to the trial court, was fully advised of his rights, and that he knowingly and voluntarily waived such rights, and entered his plea of guilty.

This petitioner calls our attention to the fact that everyone charged with a crime is entitled to a fair and impartial trial, and that he is entitled to the counsel of an attorney throughout his proceedings. We agree with this statement of the law, but we would call petitioner's attention to the fact that these are rights which may be waived. From the record before us, we are of the opinion that this petitioner knowingly and effectively waived these rights. Petitioner went further and clearly indicated to the court that he did not desire an appeal, as shown by the records on file.

In In re Dare, Okl.Cr., 370 P.2d 846, this Court said:

"A defendant in a criminal case may waive any right not inalienable, given him by the Constitution or by the statutes, either by express agreement or conduct, or by such failure to insist upon it in seasonable time as will operate as an estoppel to his afterwards setting it up against the state."

See also Martin v. State, 92 Okl.Cr. 182, 222 P.2d 534; Ex parte Smith, 83 Okl.Cr. 199, 174 P.2d 851; Ex parte Cook, 84 Okl. Cr. 404, 183 P.2d 595.

Since this petitioner was convicted on a plea of guilty, we can see no reason to grant a post-conviction appeal, and, the court having had jurisdiction of the defendant, of the crime charged, and not having exceeded its jurisdiction in pronouncing judgment and sentence, petitioner is not entitled to a writ of habeas corpus.

Writs denied.

NIX, P. J., and BUSSEY, J., concur.