Marcelleno **RODRIGUEZ**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–81–443.

Court of Criminal Appeals of Oklahoma.

April 26, 1982.

Rehearing Denied May 20, 1982.

James W. Bill Berry & Associates, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Crim. Appellate Div., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

On appeal from his convictions in the District Court of Lincoln County, in Case No. CRF–80–68 for Assault and Battery With a Dangerous Weapon and in Case No. CRF–80–105 for Intimidation of a Witness, the defendant raises two assignments of error.

First, the defendant contends that he did not knowingly and intelligently waive a jury trial because he alleges that he was born and lived in Mexico until he was thirteen (13) years old, and that he has difficulty in communicating in the English language and should have been granted an interpreter. He cites *Parra v. Page*, 430 P.2d 834 (Okl.Cr.1967), and *Landeros v. State*, 480 P.2d 273 (Okl.Cr.1971), to support his argument. However, in those cases the defendants could not speak English and could not understand their rights. A review of the record before us demonstrate that the defendant had a sufficient command of the English language to understand and knowingly and intelligently waive his right to a jury trial during a hearing which he requested specifically for that purpose.[1] See, *Wabaunsee v. State*, 554 P.2d 36 (Okl.Cr.1976).

1. The record reflects the following:

    THE COURT: All right. Let me inquire of the defendant, Mr. Rodriguez. You've heard the statement of your attorney. He says that you want to waive a trial by jury, and have the case tried by the Court.
    MR. RODRIGUEZ: Yes, sir.
    THE COURT: Is that what you want to do?
    MR. RODRIGUEZ: Yes, sir.
    THE COURT: And you want to do that in each of those two cases?
    MR. RODRIGUEZ: Yes, sir.
    THE COURT: And I've fully advised you, and you understand that you can have twelve laymen, twelve people from this county came in the jury box and listen to the case, and decide whether or not you're guilty or whether you're not guilty. And if they find you guilty, decide on the punishment.
    MR. RODRIGUEZ: Yes, sir.
    THE COURT: And you understand that you have that right?
    MR. RODRIGUEZ: Yes, sir, I understand.
    THE COURT: And if you waive trial by jury, it would be tried to the Court, just to the Judge without a jury, and the Judge would have to make a finding of whether you're guilty or not guilty. And if you're found guilty, we'd have to determine the punishment. Do you understand that fully?
    MR. RODRIGUEZ: Yes, sir.
    THE COURT: And you're not under any compulsion to waive a jury trial?
    MR. MCKENNZIE: No one has forced you?
    THE COURT: No one has forced you to do that?
    MR. RODRIGUEZ: No, sir. No, sir.

Secondly, the defendant contends that the State failed to overcome the presumption of innocence and prove his guilt beyond a reasonable doubt. This argument must fail. In both cases there was eyewitness testimony that positively identified the defendant as the perpetrator of the crimes. When the sufficiency of evidence presented at trial is challenged on appeal, as it is herein, the test is whether a *prima facie* case has been established. As long as that test is satisfied, fact questions are for the trier of fact to determine. *Hunt v. State*, 601 P.2d 464 (Okl.Cr.1979). In our determination, we view the entire record in the light most favorable to the State. *U. S. v. Peters*, 625 F.2d 366 (10th Cir. 1980); *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980). Clifford Truelove testified that the defendant was the person who beat and stabbed him, and Debbie Molina testified that the defendant intimidated her by use of an automobile and verbal threats. We are of the opinion that the testimony of the victims in both cases before us was sufficient to sustain the verdict. *Watkins v. State*, 509 P.2d 139 (Okl.Cr.1973); *Hill v. State*, 567 P.2d 516 (Okl.Cr.1977).

For the above and foregoing reasons, the judgments and sentences appealed from are AFFIRMED.

BRETT, P. J., specially concurs.

CORNISH, J., concurs.

BRETT, Presiding Judge, specially concurring:

I concur in the opinion, however, I would like to point out another part of the transcript which more readily reveals appellant's command of the English language:

Q. How do you remember this particular night with respect to that particular time?

A. How do I remember?

THE COURT: And it's free and voluntary on your part?
MR. RODRIGUEZ: Yes, sir.
THE COURT: And you understand that you're—this is a very—almost sacred constitutional right that you have to be tried by a jury?

Q. Yes.

A. Because when I left a the house—Rhonda's house it was about ten thirty. We watched the news, and we stayed down at my house about . . . . . . . maybe twenty minutes, and then I go ahead and take those people to the house. We come over about twelve thirty we left the girl's house, and we go straight to Happy Foods and buy a sandwich, and we go to the Chips Inn, and that was about twelve thirty or one.

Q. Okay. And then were you arrested the next morning?

A. Yes, sir.

MR. RODRIGUEZ: Yes, sir.
THE COURT: And you want to waive that right, and let the Court hear the case?
MR. RODRIGUEZ: Yes, sir.
THE COURT: All right. Let the record show both the State and the defendant waive jury trial.