James DeWayne KERR, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-84-242.

Court of Criminal Appeals of Oklahoma.

June 30, 1987.

Rehearing Denied July 28, 1987.

Wm. H. Haworth, Jr., Jesse L. Leeds, Muskogee, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

James DeWayne Kerr appeals from a conviction for Attempted Burglary in the Second Degree, Assault and Battery With a Deadly Weapon, and Feloniously Carrying a Firearm, in violation of 21 O.S.1981, § 42; 21 O.S.1981, § 652; and 21 O.S.1981, § 1283 respectively, in the District Court of Mayes County, Oklahoma, Case No. CRF–83–20. He was sentenced to three (3) years' imprisonment; twenty (20) years' imprisonment, and ten (10) years' imprisonment respectively, with such terms running consecutively. Affirmed.

On February 12, 1983, at approximately 10:00 p.m. a silent alarm was sounded at Reasor's Discount Pharmacy and Food Store in Langley, Oklahoma. The alarm system was monitored by a security agency in Tulsa, Oklahoma, which in turn contacted the Langley Police Department and the Reasor's assistant store manager.

Responding to the alarm on behalf of the Langley Police Department were Chief of Police Michael Best and Officer Carl Sloane. Upon checking the rear of Reasors, Chief Best noticed that a panel had been pryed off the store's compressor room. While approaching the compressor room, Chief Best was warned by Officer Sloane of a person behind the compressor. A struggle ensued between Chief Best and the person, who subsequently was identified as DeWayne Kerr, the appellant.

During the struggle, the appellant pointed a gun toward the mid-section of Chief Best. Before the appellant was able to pull the trigger, Chief Best managed to lodge his thumb underneath the hammer of the weapon, preventing the release of the hammer. The appellant was eventually wrestled to the ground and taken into custody. The officers discovered that the appellant had developed a drug addiction from treatments for a previous back injury. The appellant stated to the officers that he was trying to break into Reasors to obtain more narcotics.

The appellant was first transported to the Grand Valley Hospital in Pryor, Oklahoma. While at the hospital, the appellant was examined by Dr. Battles, a private physician in Pryor. Dr. Battles testified that the appellant was not under the influence of drugs or alcohol and was coherent

when examined. The appellant was then transported to jail.

On May 10, 1983, the appellant, along with his court appointed counsel, Mr. Randall Elliott, appeared in front of the Honorable William J. Whistler, District Judge for Mayes County, for the purpose of waiving the appellant's right to a trial by jury. This motion was granted. Later, represented by new retained counsel, Mr. William H. Haworth, Jr. of Muskogee, appellant sought to withdraw his waiver of a jury trial. The trial court denied the motion.

The appellant brings this appeal asserting that he did not know why or how he was acting at the time of the commission of the offense or at the time he waived his right to a jury trial. Appellant claims that both actions were committed while he was under the influence of narcotics.

The appellant's first assignment of error is that the trial court abused its discretion by refusing to allow the appellant to withdraw his waiver of a jury trial.

As this Court stated in *Butler v. Page*, 421 P.2d 276 (Okl.Cr.1966), it is well settled that an accused may waive his constitutional right to a trial by jury. Whether or not the accused knowingly waived that right depends in each case upon the particular facts and circumstances.

 The right of a trial by jury can only be waived if there is a clear showing that such waiver was competently, knowingly and intelligently given. *Westbrook v. Arizona*, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966). In order for the waiver of a jury trial to be valid, the trial judge should make inquiry of the accused to assure in his mind the accused's waiver is expressly and intelligently made. *Beck v. State*, 626 P.2d 327 (Okl.Cr.1981).

 The better practice is for the accused to waive trial by jury personally and in open court either orally or in writing. At such time the trial judge should make inquiry of the accused to assure in his mind the accused's waiver is expressly and intelligently made. *Hayes v. State*, 541 P.2d 210 (Okl.Cr.1975).

 After careful examination of the record, it is abundantly clear that the appellant knowingly and voluntarily waived his right to a jury trial. Further, the appellant was represented by competent counsel when he waived this right. As stated in *Colbert v. State*, 654 P.2d 624 (Okl.Cr. 1982), the right to a jury trial is admittedly a precious constitutional right, but its waiver is more often than not a question of trial strategy in which the subjective evaluations of the attorney for the accused play an important role. The appellant has admitted that the decision to waive the jury trial was an effort to buy himself more time.

A review of the record reveals that Judge Whistler went to great lengths to determine that the appellant's waiver was knowing and voluntary. Judge Whistler was satisfied, as are we from a reading of the record, that the appellant completely understood the nature and consequences of his waiver.

 The appellant's second assignment of error is that the trial court erred in the assessment of excessive punishment.

This alleged error is not supported by any authority. Rule 3.5 § (A)(5) of the Court of Criminal Appeals, 22 O.S.1981, Ch. 18 App. provides that the brief of the appellant must provide authority relied upon in support of each point raised on appeal. As stated in *Dick v. State*, 596 P.2d 1265 (Okl. Cr.1979), this Court refuses to search for authority to clothe the appellant's naked assertions of error. Thus, this assignment is without merit.

For the above and foregoing reasons the judgment and sentences appealed from are AFFIRMED.

BUSSEY and PARKS, JJ., concur.