Donny C. BENCH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–85–107.

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1987.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Donny C. Bench was convicted of Attempting to Elude a Police Officer, Driving While Under the Influence of Intoxicating Liquor, and Driving a Motor Vehicle Without a Valid Operator's or Chauffeur's License in violation of 21 O.S.1981, § 540A, 47 O.S.1981, § 11–902 and 47 O.S.1981, § 6–303(a), respectively, in Case No. CRM–84–240 in the District Court of Murray County. In a non-jury trial, appellant was found guilty of the crimes charged and sentenced to concurrent terms of six (6) months imprisonment at Sulphur for the first and second counts, and fined $20.00 on the third count. Two of the four assignments of error raised by the appellant require reversal of this case. Only these will be addressed.

On the evening of June 21, 1984, Davis Police Officer Paul Osbirn was forced off Highway 77 by the appellant who was driving some 80 m.p.h. to 90 m.p.h. in his oncoming car. Appellant was speeding toward a curve where the highway narrowed to two lanes. Officer Osbirn saw three cars ahead of the appellant and pulled off the road to allow appellant room to pass these cars. After appellant passed these cars and sped past Officer Osbirn, the officer radioed for assistance, turned on his lights and siren and followed the appellant for more than a mile to the Oasis Club. When three other Davis Police Officers arrived, one of them accompanied Officer Osbirn into the club. When they came back out, they saw appellant hiding behind a tree and then running away. The appellant kept running when Officer Osbirn commanded him to stop. Officer Osbirn caught up with him as he struggled to climb over a fence. Officer Osbirn concluded the appellant was under the influence of alcohol after seeing him stagger as he ran, hearing his slurred speech and detecting the odor of alcohol. Appellant agreed to take a breath test. Upon examination of appellant's driver's license, Officer Osbirn discovered it had been suspended.

For his first assignment of error, appellant contends the record is insufficient to show his waiver of counsel was knowing, intelligent and voluntary. We agree.

A person charged with a misdemeanor in a state court has an unconditional and absolute right to a lawyer. *Mahorney v. City of Tulsa*, 542 P.2d 965 (Okl.Cr. 1975). This right may be waived if done knowingly, and intelligently. However, waiver will not be "lightly presumed" and the trial judge must indulge every reasonable presumption against waiver. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). We have held that the record must show, or there must be an allegation and evidence which shows that an accused was offered counsel but intelligently and understandingly rejected the offer. This record is mandatory and anything else is not waiver. *Lineberry v. State*, 668 P.2d 1144 (Okl.Cr.1983).

In the instant case, the initial appearance minute, dated June 22, 1984, indicates by check mark that the appellant was advised of his right to counsel and that he waived that right. The record is silent as

to whether the trial court ensured that the appellant was made aware of the dangers and disadvantages of self-representation as required by this Court in *Dunnum v. State*, 646 P.2d 613 (Okl.Cr.1982). On the record before us, we cannot say appellant knowingly and intelligently waived his right to counsel. If this were the only ground for reversal, we would remand the matter for an evidentiary hearing under the provisions of *Boyd v. Dutton*, 405 U.S. 1, 92 S.Ct. 759, 30 L.Ed.2d 755 (1972), as was done in *Colbert v. State*, 714 P.2d 209 (Okl.Cr.1986). However, appellant's second assignment of error requires reversal.

For his second assignment of error, appellant contends he was denied his right of trial by jury. The right of trial by jury can be waived only if there is a clear showing that such waiver was competently, knowingly, and intelligently given. *Colbert v. State*, 654 P.2d 624 (Okl.Cr.1982); *Westbrook v. Arizona*, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966). Whether or not the accused knowingly waives this constitutional right depends, in each case, upon the particular facts and circumstances. *Cole v. State*, 569 P.2d 470 (Okl.Cr. 1977).

The record reveals that on the date of trial at 9:00 a.m. the jury roll was called, the docket was called three times in open court, and the appellant failed to respond. The State moved that the bond posted by the appellant be forfeited and that the court issue a bench warrant for his arrest. Appellant appeared in court somewhere between 9:20 and 9:25 a.m. The jury had already been dismissed and could not be reassembled. The State moved that the defendant be detained on a bench warrant. After the court advised appellant that he could have a non-jury trial on that date, the appellant asked to be given a non-jury trial which was then held. The record is not sufficient to show appellant knowingly and intelligently waived his right to trial by jury.

For the foregoing reasons, this cause is REVERSED and REMANDED for a new trial.

PARKS, J., concurs.

BUSSEY, J., dissents.