**Frank J. VALEGA, Appellant,**

v.

**CITY OF OKLAHOMA CITY, Appellee.**

**No. M–86–239.**

Court of Criminal Appeals of Oklahoma.

May 18, 1988.

Charles W. Stubbs, Stubbs & Goodman, Oklahoma City, for appellant.

Robert D. Allen, Mun. Counselor, Howard R. Haralson, John M. Jacobsen, Asst. Mun. Counselors, Oklahoma City, for appellee.

OPINION

PARKS, Judge:

Frank L. Valega, appellant, was tried for the misdemeanor of violating Oklahoma City, Ok., Municipal Code, § 15A–6C (1970), a flood control ordinance, in Case No. 85–6900549, in the Municipal Criminal Court (not of record) of Oklahoma City, Okla-

homa. The Municipal Court found appellant guilty of not having a storm sewer up to standards and assessed a fine of One Hundred ($100.00) Dollars on August 28, 1985. Appellant, in accordance with 11 O.S. Supp. 1983, § 27–129, timely perfected an appeal from the Municipal Criminal Court to the District Court of Oklahoma County. In a trial de novo, the District Court, in a non-jury trial, found appellant guilty of violating Section 15A–6C, in Case No. CA–85–82, the Honorable Sidney J. Gorelick, Special Judge, presiding, and assessed a Ten ($10.00) Dollar fine plus costs. From this final judgment appellant has perfected his appeal in accordance with 11 O.S. 1981, § 27–132.

A recitation of the facts is unnecessary, as we find merit in appellant's fifth assignment of error in his petition in error, wherein he asserts the District Court, in the trial de novo, erred by denying him a jury trial.

The record reflects that appellant, as provided by 11 O.S.Supp.1983, § 27–129, timely appealed from the final judgment of the Municipal Court for a trial de novo in the District Court. The City Attorney requested this case be set on the non-jury trial docket, which request was granted on November 5, 1985. (O.R. at 11) Appellant objected to a non-jury trial and affirmatively demanded a jury trial on November 14, 1985, which demand was denied that same day. (O.R. at 12–13). The trial court's order recites no reason for denying the jury trial.

■ Title 11 O.S.Supp.1983, § 27–129(A) provides: "In case of an appeal, a trial de novo shall be had, and there *shall* be a right to a jury trial if the offense is punishable by a fine of more than One Hundred Dollars ($100.00) and costs." (emphasis added) Similarly, the Oklahoma Constitution provides that "[t]he right of trial by jury shall be and remain inviolate" in criminal cases where punishment is by fine exceeding One Hundred Dollars ($100.00). Okla. Const. art. II, § 19. Section 15A–18 of the flood control ordinance provides: "Any person who shall violate any of the provisions hereof shall be deemed guilty of an offense and upon conviction thereof shall be punishable by a fine and costs not to exceed the sum of three hundred ($300.00) dollars. Each day of violation shall constitute a separate offense." Thus, both the statutory and constitutional requirements for a jury trial have been triggered by Section 15A–18 of the ordinance. Appellant was entitled to a trial by a six-person jury for violation of this city ordinance. Okla. Const. art II, § 19; *Guindon v. State*, 627 P.2d 449, 451–52 (Okla.Crim. App.1981).

■ An accused may waive his constitutional right to a jury trial, but only if there is a clear showing that such waiver was competently, knowingly and intelligently given. *Kerr v. State*, 738 P.2d 1370, 1372 (Okla.Crim.App.1987). A valid waiver of a jury trial requires the consent of the accused, the prosecutor and the trial judge. *Crawford v. Brown*, 536 P.2d 988, 990 (Okla.Crim.App.1975). The record is clear that appellant refused to consent to a non-jury trial. Moreover, at no point in the record is it reflected that the trial judge inquired of appellant to assure himself that the right to a jury trial was expressly and intelligently waived. *Kerr*, 738 P.2d, at 1372. Waiver of a fundamental right cannot be presumed from a silent record. *Cf. Williams v. State*, 673 P.2d 164, 165 (Okla. Crim.App.1983) (waiver of right to counsel and right to remain silent). A record showing an intelligent, competent and knowing waiver of a fundamental right is mandatory. Anything less is not a waiver. *Cf. Swanegan v. State*, 743 P.2d 131, 132 (Okla.Crim.App.1987) (right to counsel). It is incumbent upon the trial court to make a record of a waiver of a fundamental right, and all doubts concerning waiver must be resolved in the accused's favor. *Id.* Because appellant requested a jury trial and there is no record showing a valid waiver, we REVERSE and REMAND for a NEW TRIAL consistent with the views expressed herein.

BRETT, P.J., and BUSSEY, J., concur.