2012 OK CR 11

**Timothy William HINSLEY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–2010–1215.**

Court of Criminal Appeals of Oklahoma.

June 19, 2012.

Elizabeth Clark, Attorney at Law, Ardmore, OK, Attorney for Defendant at Trial.

John O. Walton, Assistant District Attorney, Murray County District, Attorney's Office, Murray County Courthouse, Sulpher, OK, Attorney for State at Trial.

Andreas T. Pitsiri, Appellate Defense Counsel, Oklahoma Indigent, Defense System, Norman, OK, Attorney for Appellant on Appeal.

E. Scott Pruitt, Attorney General of Oklahoma, Ashley L. Little, Assistant Attorney General, Oklahoma City, OK, Attorneys for Appellee on Appeal.

### SUMMARY OPINION

SMITH, Judge.

¶ 1 Timothy William Hinsley was tried by judge and convicted of Count I, Rape in the First Degree in violation of 21 O.S.1991,

§ 1114(A)(1), and Count II, Lewd Molestation in violation of 21 O.S.Supp.1998, § 1123, in the District Court of Murray County, Case No. CF–2001–198. The Honorable John H. Scaggs sentenced Hinsley to twenty (20) years imprisonment on each count, to run concurrently. Hinsley must serve 85% of his sentences on each count before becoming eligible for parole consideration. Hinsley appeals from these convictions and sentences.

¶ 2 Hinsley raises six propositions of error in support of his appeal:

I. The record is insufficient to demonstrate that Mr. Hinsley knowingly and intelligently waived his right to a jury trial or that the State consented to any such waiver. Therefore, Appellant's convictions must be reversed.

II. The trial court abused its discretion by denying Mr. Hinsley's motion to reinstate his right to a jury trial constitutes [sic].

III. Appellant was prejudiced by ineffective assistance of counsel at the hearing on his motion to set jury trial.

IV. Appellant's sentences are excessive and should shock the conscience of this Court.

V. The cumulative effect of all these errors deprived Mr. Hinsley of a fair trial and warrants relief from this Court.

VI. The Court should remand Mr. Hinsley's case to the District Court of Murray County with instructions to modify the judgment and sentence to conform to the court's oral pronouncement.

¶ 3 After thorough consideration of the entire record before us, including the original record, transcripts, briefs and exhibits, we find that Proposition I has merit and the case must be reversed and the case remanded.

 ¶ 4 We find in Proposition I that the record does not reflect Hinsley knowingly, intelligently and voluntarily waived his right to jury trial. The entire record regarding Hinsley's waiver consists of a note written by the trial judge on the Formal Arraignment document:

> Court informed Defendant of his right to a jury trial & all other statutory and constitutional rights & Defendant understanding his rights waived jury trial—counsel made

> no recommendation [concerning] waiver of jury [it] was Defendant's sole choice.

The trial court began the September 3, 2010 hearing on Hinsley's motion to withdraw his waver of jury trial by asking, "Do you want to argue that motion on the waiver of jury?" Defense counsel replied, "Yes, sir." Counsel and the court briefly discussed an unrelated matter. After this discussion the trial court stated:

> I'm going to tell you right now that I'm going to overrule the Motion for Jury Trial. The reason is he stood right here and he waived it and I told him it's a full and complete waiver. You have an exception and we'll set him for a non-jury trial.

No evidence on the motion was presented and no argument was heard.

 ¶ 5 A defendant may waive his right to jury trial. There must be a clear showing that the waiver was competent, knowing and intelligent. *Long v. State*, 2003 OK CR 14, ¶ 3, 74 P.3d 105, 107; *Valega v. City of Oklahoma City*, 1988 OK CR 101, ¶ 5, 755 P.2d 118, 119; *Bench v. State*, 1987 OK CR 191, ¶ 6, 743 P.2d 140, 142; *Adams v. U.S. ex rel. McCann*, 317 U.S. 269, 277, 63 S.Ct. 236, 241, 87 L.Ed. 268 (1943). "A record showing an intelligent, competent and knowing waiver of a fundamental right is mandatory. Anything less is not a waiver. It is incumbent upon the trial court to make a record of a waiver of a fundamental right, and all doubts concerning waiver must be resolved in the accused's favor." *Valega*, 1988 OK CR 101, ¶ 5, 755 P.2d at 119 (citations omitted). The better practice is for a defendant to make the waiver personally, in open court, orally or in writing, and the trial court must inquire to be sure the waiver is expressly and intelligently made. *Kerr v. State*, 1987 OK CR 136, ¶ 11, 738 P.2d 1370, 1372; *Hayes v. State*, 1975 OK CR 193, ¶ 5, 541 P.2d 210, 212 (oral or written record of questioning by trial judge and defendant's waiver impedes collateral attacks on convictions based on lack of valid waiver). *See also U.S. v. Robertson*, 45 F.3d 1423, 1432 (10th Cir.1995) (given significance of jury trial and importance of decision, "we have no doubt" district courts will ensure sufficient waiver

by informing defendants on the record of the nature of the right and consequences of waiver).[1]

¶ 6 There is no record, through transcript or any detailed memorandum, of the questioning or advisement of rights which may have preceded Hinsley's oral waiver, or any document signed by Hinsley or his counsel reflecting the waiver. We are unpersuaded by the State's argument that the most compelling evidence supporting a knowing and intelligent waiver is the fact that, a month after arraignment, Hinsley tried to withdraw his waiver. The State relies on an unpublished case from 2002, *Griggs v. State*, No. F–2001–0257 (Okl.Cr. Jan. 17, 2002) (not for publication). Even the sparse discussion of the issue in *Griggs* shows more evidence of waiver on the record than is present here. In *Griggs*, we found an informed and voluntary waiver of jury where "both this advice of rights and the minute reflecting the election of a bench trial are acknowledged by Appellant's signature and that of his attorney." *Griggs*, slip op. ¶ 3. *Griggs* may well represent the minimum requirement for a record of waiver of a jury trial. Hinsley's case does not meet even that minimum.

¶ 7 Hinsley also argues, correctly, that a defendant cannot waive a jury trial without the consent of both the State and the trial court. *Crawford v. Brown*, 1975 OK CR 114, ¶ 8, 536 P.2d 988, 990; *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 383, 99 S.Ct. 2898, 2907, 61 L.Ed.2d 608 (1979). The trial court's notation on the formal arraignment sheet does not mention whether the State consented to the waiver. Hinsley's motion to withdraw his waiver and set the case for jury trial, filed by defense counsel on August 27, 2010, notes that the Assistant District Attorney did not contest the motion to withdraw

Hinsley's waiver. Given the absence of a sufficient record of Hinsley's waiver (discussed above), this Court does not rely, in reaching its decision, on the absence of any record that the State agreed to Hinsley's waiver. However, this absence supports our conclusion that the record as a whole is not sufficient to show a competent, knowing and intelligent waiver.

¶ 8 Our resolution of Proposition I renders the remaining propositions moot.

### DECISION

¶ 9 The Judgments and Sentences of the District Court of Murray County are **REVERSED and REMANDED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2012), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

A. JOHNSON, P.J., LEWIS, V.P.J. and C. JOHNSON, J., concur.

LUMPKIN, J., concur in Results.

LUMPKIN, Judge: Concur in Result.

¶ 1 I concur in the Court's decision to reverse and remand the case for a new trial. However, it must be noted that the trial judge is presumed to know the law. *Magnan v. State*, 2009 OK CR 16, ¶ 51, 207 P.3d 397, 412; *Akins v. State*, 1974 OK CR 116, ¶ 17, 523 P.2d 1111, 1114. Here, the judge stated for the record that Appellant had been informed of his rights and waived his right to a jury trial. Therefore, we must take it as true that this is an accurate recitation of the record. However, I can find no record of the State's consent to the waiver. Without such, I agree that the record as a whole is insuffi-

---

1. Neither *Valega* nor *Bench* contained any record of a waiver at all. *Valega*, 1988 OK CR 101, ¶ 5, 755 P.2d at 119; *Bench*, 1987 OK CR 191, ¶ 7, 743 P.2d at 142. In this Court's other published cases on this issue, the opinions indicate that the trial transcripts show the trial court and/or defense counsel explained the right to a jury trial and questioned the defendants to ensure their waivers were voluntary. *See Long*, 2003 OK CR 14, ¶ 3, 74 P.3d at 107. *See also Kerr*, 1987 OK CR 136, ¶¶ 12–13, 738 P.2d at 1372; *Hatch v. State*, 1983 OK CR 47, ¶ 12, 662 P.2d 1377, 1381; *Colbert v. State*, 1982 OK CR 174, ¶ 13, 654 P.2d 624, 627–28; *Frazier v. State*, 1982 OK CR 182, ¶ 6, 654 P.2d 639, 641; *Rodriguez v. State*, 1982 OK CR 53, ¶ 2, 644 P.2d 564, 565; *Beck v. State*, 1981 OK CR 30, ¶¶ 6–7, 626 P.2d 327, 328–29; *Cole v. State*, 1977 OK CR 279, ¶ 13, 569 P.2d 470, 472–73; *Wabaunsee v. State*, 1976 OK CR 187, ¶ 3, 554 P.2d 36, 37–38; *Hayes*, 1975 OK CR 193, ¶ 7, 541 P.2d at 211; *Shelton v. Page*, 1967 OK CR 101, ¶¶ 5–6, 429 P.2d 525, 526; *Butler v. Page*, 1966 OK CR 156, ¶¶ 9–15, 421 P.2d 276, 278–79.

cient to show a voluntary and knowing waiver of the right to a jury trial.