G.W. v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:G.W. v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 G.W. v. STATE
2018 OK CR 36
Case Number: J-2018-511
Decided: 11/29/2018
G.W., Appellant v. STATE OF OKLAHOMA, Appellee.
Cite as: 2018 OK CR 36, __ __

 

 

SUMMARY OPINION

ROWLAND, JUDGE:

¶1 Appellant G.W. appeals to this Court from an order entered by the Honorable Stephen R. Pazzo, Associate District Judge, adjudicating him delinquent in Case No. JDL-2017-44 in the District Court of Rogers County.

¶2 On May 8, 2017, G.W. was charged by juvenile delinquency petition with one count of Sexual Battery. The crime was alleged to have occurred on or about April 11, 2017, when G.W. was 14 years and 10 months old. On March 9, 2018, a bench trial on the juvenile delinquency petition was held before Judge Pazzo. After considering the evidence and arguments, Judge Pazzo found G.W. had committed the offense of Sexual Battery and adjudicated him delinquent. G.W. appeals this adjudication asserting four propositions of error:

(1) whether the record is insufficient to demonstrate that G.W. knowingly and intelligently waived his right to jury trial;

(2) whether error occurred when no election was made with regard to the specific act relied upon as the basis for the offense charged in the petition and the trial court failed to require the same prior to issuing its ruling, resulting in a general verdict;

(3) whether the evidence presented by the State was insufficient to prove that G.W. intentionally acted in a lewd and lascivious manner; and

(4) whether trial counsel was constitutionally ineffective.

¶3 Pursuant to Rule 11.2(A)(3), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2018), this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions were presented to this Court in oral argument on August 16, 2018, pursuant to Rule 11.2(E). After hearing oral argument and considering the briefs and record in this case, this Court found that the order of the District Court adjudicating G.W. delinquent should be REVERSED and REMANDED for further proceedings.[1]

 

ANALYSIS

 

¶4 In his first proposition G.W. claims that the appeal record is insufficient to demonstrate that he knowingly and intelligently waived his right to a trial by jury in the juvenile delinquency proceeding. In Oklahoma the right to a jury trial in a juvenile delinquency proceeding is granted by statute. Title 10A O.S.2011, § 2-2-401 provides that:

In adjudicatory hearings to determine if a child is delinquent or in need of supervision, any person entitled to service of summons or the state shall have the right to demand a trial by jury, which shall be granted as in other cases, unless waived . . . .

To be sure, Section 2-2-401 presents something of a conundrum: a juvenile only has a right to jury trial in a juvenile delinquency proceeding if he demands it, unless he waives it. And to make matters worse, a literal reading of the statute could yield a situation where a defendant fails to demand, and fails to waive, leaving him or her in a sort of legal limbo.

¶5 In D.M.H. v. State, 2006 OK CR 22, ¶ 3, 136 P.3d 1054, 1055, this Court considered whether a juvenile's failure to demand a jury trial in a delinquency proceeding constitutes a valid waiver of that right or whether, as in adult cases, the record must reflect a knowing and intelligent waiver of the right to a jury trial. Because the right to a jury trial in a juvenile delinquency proceeding is conferred by statute and not required by either the United States Constitution or by the Oklahoma Constitution, the Court in D.M.H. found that a juvenile has no substantive due process right to a jury trial in this proceeding. D.M.H., 2006 OK CR 22, ¶ 6, 136 P.3d at 1056 (citing McKeiver v. Pennsylvania, 403 U.S. 528, 545, 91 S.Ct. 1976, 1986, 29 L.Ed.2d 647 (1971) (plurality) (while the states may grant juveniles the right to jury trial, such is not constitutionally required under the federal constitution)). Rather, the Court held, the focus of a claim regarding the denial of the statutory right to jury trial is on whether the State complied with the requirements of procedural due process. Id. 2006 OK CR 22, ¶ 8, 136 P.3d at 1056 ("a state law may create a liberty interest that cannot be denied without offending due process principles"). Thus, the Court reasoned that although the statute requires the juvenile demand a jury trial before one will be granted, procedural due process requires that "[b]efore a right may be demanded . . . the person upon whom the right is conferred must know that he has such a right to demand." Id. 2006 OK CR 22, ¶ 9, 136 P.3d at 1056.

¶6 The D.M.H. Court went on, however, to find that a valid waiver of the right to a jury trial in a juvenile delinquency proceeding may not be presumed from the juvenile's silence even after the juvenile has been advised of his or her right to a jury trial. The Court noted that if D.M.H. had been charged as an adult, "the lack of an affirmative waiver of his right to a jury trial would constitute reversible error." Id. 2006 OK CR 22, ¶ 10, 136 P.3d at 1057. The Court held:

It is incumbent upon the juvenile court judge to make a record of a waiver of a juvenile's right to trial by jury. The juvenile court judge shall not accept a waiver unless the juvenile, after being advised by the court of his right to a trial by jury and consulting with counsel, personally waives his right to trial by jury in open court on the record. For a waiver to be valid, there must be a clear showing that the juvenile waived his right competently, knowingly and intelligently.

Id. 2006 OK CR 22, ¶ 11, 136 P.3d at 1057. The problem with this reasoning is that it places the statutory right to demand a jury trial in a juvenile delinquency proceeding on par with an adult's constitutional right to jury trial, requiring the same showing of waiver and thereby elevating the statutory right to a constitutional right. See Id. 2006 OK CR 22, ¶ 10, 136 P.3d at 1057.

¶7 We take this opportunity to revisit the minimum requirements for a valid waiver of this statutory right to demand a jury trial. "What suffices for waiver depends on the nature of the right at issue." New York v. Hill, 528 U.S. 110, 114, 120 S.Ct. 659, 664, 145 L.Ed.2d 560 (2000). It is well settled that, "[a] record showing an intelligent, competent and knowing waiver of a fundamental right is mandatory. Anything less is not a waiver." Hinsley v. State, 2012 OK CR 11, ¶ 5, 280 P.3d 354, 355, (quoting Valega v. State, 1988 OK CR 101, ¶ 5, 755 P.2d 118, 119). While under the best circumstances, a waiver of a statutory right would also be knowing and voluntary as evinced by the record, such is not required. See United States v. Gomez, 67 F.3d 1515, 1520 (10th Cir. 1995)("while the mere failure to timely assert a constitutional right does not constitute a waiver of that right, . . . a waiver of a statutory right may be valid even if it is not knowingly made")(internal citations omitted).

¶8 The rules of statutory construction are well settled. Statutes are to be construed to determine the intent of the Legislature, "reconciling provisions, rendering them consistent and giving intelligent effect to each." Lozoya v. State, 1996 OK CR 55, ¶ 17, 932 P.2d 22, 28. This Court avoids statutory constructions that render any part of a statute superfluous or useless. Wells v. State, 2016 OK CR 28, ¶ 6, 387 P.3d 966, 968.

¶9 The right at stake in this case is a statutory right created by the Legislature to benefit the juvenile. It is clear that the Legislature assumed knowledge of the statutory right by the juvenile; otherwise, it could neither be demanded nor waived. Thus, as in D.M.H., we interpret the statutory language to require that the juvenile be advised on the record that he or she has a right to demand a jury trial. Any waiver of this right, however, need not be made affirmatively on the record because neither the statute nor constitutional procedural due process principles require it.

¶10 Deciding this case based on statutory interpretation is consistent with clear legislative intent, avoids unnecessarily deciding a constitutional issue, and comports with an oft-cited maxim for judicial restraint: "If it is not necessary to decide more, it is necessary not to decide more." United States v. Hebert, 888 F.3d 470, 476 (10th Cir. 2018)(citation omitted). We hold, therefore, that by the language of Section 2-2-401, the juvenile's failure to demand a jury trial after being advised of his or her right to one and his or her acquiescence to a bench trial operates as an adequate and valid waiver of this right. D.M.H. v. State, 2006 OK CR 22, 136 P.3d 1054 is overruled to the extent it is inconsistent with this opinion.

¶11 The appeal record contains no evidence that G.W. was advised of his right to a jury trial at the juvenile delinquency proceeding. Absent this showing on the record, we find that relief is required.

DECISION

¶12 The order of the District Court of Rogers County adjudicating G.W. delinquent in Case No. JDL-2017-44 should be, and is hereby, REVERSED and REMANDED for further proceedings. Pursuant to Rule 3.15, Rules, supra, the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF ROGERS COUNTY
THE HONORABLE STEPHEN R. PAZZO,
ASSOCIATE DISTRICT JUDGE

 
 
 
 APPEARANCES IN THE DISTRICT COURT 
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 
 MARK SCHANTZ
 Attorney at Law
 201 W. 5th St., Suite 501
 Tulsa, OK 74103
 COUNSEL FOR APPELLANT
 
 
 
 RICKI J. WALTERSCHEID
 Appellant Defense Counsel
 Oklahoma Indigent Defense System
 P. O. Box 926
 Norman, OK 73070
 COUNSEL FOR APPELLANT
 
 
 
 
 
 ZACHARY CABELL
 Assistant District Attorney
 Rogers County
 200 S. Lynn Riggs Blvd.
 Claremore, OK 74017
 COUNSEL FOR THE STATE
 
 
 
 ZACHARY CABELL
 Assistant District Attorney
 Rogers County
 200 S. Lynn Riggs Blvd.
 Claremore, OK 74017
 COUNSEL FOR THE STATE
 
 
 

OPINION BY: ROWLAND, J.
LUMPKIN, P. J.: Concur
LEWIS, V. P. J.: Concur in Part and Dissent in Part
HUDSON, J.: Concur
KUEHN, J.: Concur in Part and Dissent in Part

FOOTNOTES

[1] Because we find that error raised in Proposition 1 warrants relief, no other propositions will be addressed.

 LEWIS, VICE PRESIDING JUDGE, CONCURS IN PART AND DISSENTS IN PART:

¶1 I agree with the majority that not every waiver of rights granted by statute requires the same formality as a waiver of constitutional rights. Indeed, conduct by a party which is inconsistent with the purpose to exercise a particular right, even a constitutional one, is often sufficient reason to say that the right has been waived. Randolph v. State, 2010 OK CR 2, ¶ 27, 231 P.3d 672, 681 (finding right to confrontation waived by failure to exercise it when opportunity was available).

¶2 However, when a statute extends a protection equivalent to a fundamental right protected by the Constitution (such as a right to jury trial, speedy and public trial, privilege against self-incrimination, or assistance of counsel), the better rule is that any purported waiver requires a knowing and intentional, personal relinquishment of the right on the record.

¶3 D.M.H. correctly required this level of formality for a purported waiver of jury trial on a charge of juvenile delinquency. Legislation granting legal rights ordinarily protected only by the Constitution represents a profound policy judgment about the accuracy and fundamental fairness of the proceedings or governmental actions with which those rights are concerned. Formalized judicial procedures that protect such rights from inadvertent waiver or forfeiture by those they are designed to protect are entirely consistent with legislative intent.

¶4 The Court today correctly requires that trial courts give explicit advice to juveniles on the record about the right to demand a jury trial on a charge of delinquency; and nothing in the majority opinion prevents those courts, as a matter of practical and wise judicial practice, from adopting the kind of formalized waiver procedures traditionally observed for equivalent constitutional rights.[1]

 

FOOTNOTES

 

[1] Adhering to formal protections against waiver for the statutory right to jury trial also avoids the necessity of determining whether some of the modern, adult consequences of delinquency adjudications have undermined prior decisions holding that the Constitution does not require jury trials in these ostensibly therapeutic, but increasingly punitive, proceedings.

KUEHN, J., CONCURRING IN PART AND DISSENTING IN PART:

¶1 I agree that this case must be remanded for further proceedings, but I respectfully disagree with some aspects of the Majority's analysis, and with overruling D.M.H. v. State, 2006 OK CR 22, 136 P.3d 1054.

¶2 The Majority believes this Court went too far in D.M.H. by requiring that a juvenile personally waive his right to a jury at an adjudication hearing "in open court on the record." Id. at ¶ 11, 136 P.3d at 1057. The Majority believes that in doing so, this Court erred by "elevating" the juvenile's statutory right to a jury trial to a constitutional right. Majority at 6. I take a different view. I believe D.M.H. accords the appropriate level of inquiry for what is clearly an important right, even if it is "only" statutory in origin. The Majority disregards the Legislature's clear intention to treat the juvenile's right to a jury with utmost respect.

¶3 The federal Constitution does not require states to provide juries in juvenile-delinquency proceedings. That question was answered -- although not until the early 1970's -- in McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971). But McKeiver is not particularly relevant here, because for over a century -- since the inception of our own juvenile-court system -- Oklahoma law has protected the right of juveniles to have their adjudication hearings determined by a jury. See Alford v. Carter, 1972 OK CR 344, ¶ 8, 504 P.2d 436, 439 ("Oklahoma is one of only ten states which provides, by statute, greater safeguards for the rights of juveniles than are required by the United States Constitution").

¶4 The current version of the applicable statute reads (with emphasis added):

In adjudicatory hearings to determine if a child is delinquent or in need of supervision, any person entitled to service of summons or the state shall have the right to demand a trial by jury, which shall be granted as in other cases, unless waived, or the judge on the judge's own motion may call a jury to try any such case. Such jury shall consist of six persons.

10A O.S.2011, § 2-2-401. The juvenile (and the State, and certain others as well) have (1) the "right to demand" a jury trial, (2) "as in other cases," (3) unless that right is "waived." In my view, the Majority's analysis selectively focuses on only part of this provision.[1]

¶5 When interpreting a statute, each part should be given intelligent effect. State ex rel. Pruitt v. Steidley, 2015 OK CR 6, ¶ 12, 349 P.3d 554, 557-58. We should presume each word in a statute was intended for some useful purpose, and we should strive to give effect to each. Ex parte Higgs, 97 Okl.Cr. 338, 341, 263 P.2d 752, 756 (1953). The Majority focuses solely on the juvenile's "right to demand" a jury trial, and ignores the rest of the sentence where that right is mentioned. It was not this Court in D.M.H. which "elevated" the importance of the juvenile's right to a jury trial; rather, it was the Legislature which, over a century ago, guaranteed the right "as in other cases," unless "waived" (as in other cases). What "other cases" could the Legislature be talking about? The only possible answer: Those cases where the right to jury trial is constitutionally protected. When it comes to due process -- which is guaranteed to every litigant -- legislatures are certainly authorized to prescribe just what process is due in a particular situation.

¶6 The Majority stops short of requiring a record waiver of the juvenile's right, and would accept forfeiture of the right by silence. That conclusion doesn't just overrule D.M.H.; it is contrary to the plain language of § 2-2-401, which requires that the right be "waived"; forfeiture by silence is not sufficient. The concepts of "waiver" and "forfeiture" are often confused,[2] but they are not the same:

Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938) ... . Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake.

United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993) (emphasis added). See also United States v. Ruiz, 536 U.S. 622, 629, 122 S.Ct. 2450, 2455, 153 L.Ed.2d 586 (2002) ("[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances" (emphasis in original)); United States v. Carrasco-Salazar, 494 F.3d 1270, 1272 (10th Cir. 2007) ("waiver is accomplished by intent, [but] forfeiture comes about through neglect"(citation omitted)).

¶7 What rights require a knowing waiver, and what rights can be forfeited by mere silence? As always in the law, it depends. Some rights are more important than others. The Majority cites New York v. Hill, 528 U.S. 110, 114, 120 S.Ct. 659, 664, 145 L.Ed.2d 560 (2000) (which, in turn, cited United States v. Olano) for the principle that the nature of the right at stake determines whether, and to what extent, a litigant must acknowledge his choice regarding that right. This sliding-scale approach is one fashioned, in ad hoc fashion, by courts themselves.[3] The Majority recognizes a distinction between constitutional rights and statutory ones, and that distinction is a legitimate starting point for many purposes. But it does not always end the inquiry. Whether an "on the record" waiver makes sense depends on more than just whether the subject is explicitly contained in constitutional language. It depends, again, on the right at stake. It also depends on relevant legislative direction. Neither the federal nor the Oklahoma constitution includes explicit language on what is necessary to waive a right contained therein; the statute at issue here does. Even if this Court believes such a procedure is somehow burdensome or archaic, the Legislature has the authority to require courts to treat the juvenile's right to a jury trial with the same procedural care and respect as if it were protected by the constitution. And I believe it has done so.

¶8 We are dealing here with a special category of litigants -- juveniles. They are treated differently from adults "for their own good," and in keeping with modern society's perceived moral obligations. We give them certain rights in this process. Those who fall under the jurisdiction of the juvenile courts are not allowed to or have limits on their ability to vote, drink, smoke, drive, work, attend school, stay out past a curfew, contract, own a weapon, sue, leave home, and disobey adults of authority. They are entitled by law to be given shelter, clothing, food and education by adults, because it is presumed they cannot provide those basic needs for themselves. We should remember the immaturity of these litigants when we seek to apply rules of procedural default against them. The Majority does not even construe § 2-2-401 to require that the juvenile have the assistance of counsel when he is advised of the right to trial by jury. Thus, the immature litigant may be found to have forfeited this important right (through silence) without any advice of counsel. I would require, at the very least, that the record show the right to trial by jury was explained at a proceeding where counsel was present to acknowledge that fact.[4]

¶9 This Court's duty is to follow and apply the law. Considering the nature of the right at stake, and the special concerns that gave birth to the juvenile justice system in the first place, I would require that before the juvenile's right to a jury trial can be extinguished, the juvenile must, at the very least, be advised of the consequences of not demanding same, with counsel present.

FOOTNOTES

[1] The 1910 codification contained the same operative language (emphasis added):

The county courts of the several counties in this State shall have jurisdiction in all cases coming within the terms and provisions of this article. In trials, under this article, the child informed against, or any person interested in such child, shall have the right to demand a trial by jury, which shall be granted as in other cases unless waived; or the judge of his own motion may call a jury to try any such case.

R.L. 1910, § 4413; Laws 1909, p. 186.

[2] See e.g. Rule 3.4(F)(1), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018) (claims advanced for the first time in a reply brief shall be deemed "waived and forfeited for consideration").

[3] "[W]hether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake." Olano, 507 U.S. at 733, 113 S.Ct. at 1777. Olano's citation to authority for this principle is not a constitutional or statutory provision, or even a prior Supreme Court case, but a treatise on criminal procedure and a law-review article. In Hill, the Court cited instances showing that not even all constitutional rights require the same kind of record to extinguish them. Hill, 528 U.S. at 114-15, 120 S.Ct. at 664.

[4] One might argue that since the juvenile does have a "constitutional" right to counsel, his ability to confer with counsel about the jury-trial option is sufficient to ensure the latter right is protected. In fact, in his dissent to D.M.H., Judge Lumpkin suggested that the issue of waiver would perhaps be better phrased as a question of counsel's effectiveness. See D.M.H., 2006 OK CR 22, ¶ 6, 136 P.3d at 1058-59 (Lumpkin, V.P.J., dissenting).






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1988 OK CR 101, 755 P.2d 118, VALEGA v. CITY OF OKLAHOMA CITY
Discussed
 1996 OK CR 55, 932 P.2d 22, Lozoya v. State
Discussed
 2006 OK CR 22, 136 P.3d 1054, D.M.H. v. STATE
Discussed at Length
 2010 OK CR 2, 231 P.3d 672, RANDOLPH v. STATE
Discussed
 2012 OK CR 11, 280 P.3d 354, HINSLEY v. STATE
Discussed
 2015 OK CR 6, 349 P.3d 554, STATE ex rel. PRUITT v. STEIDLEY
Discussed
 2016 OK CR 28, 387 P.3d 966, WELLS v. STATE
Discussed
 1972 OK CR 344, 504 P.2d 436, ALFORD v. CARTER
Discussed
 1953 OK CR 160, 263 P.2d 752, 97 Okl.Cr. 338, EX PARTE HIGGS
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA